■    LUDWIG ROHRMAYR, as Administrator of the Estate of DOROTHY ROHRMAYR, Deceased, Respondent, v. CITY OF NEW YORK, Appellant-Respondent,

and MARY ANNUNGIATA et al., Appellants.— In an action to recover damages for personal injuries and wrongful death, defendants variously appeal, as follows, from an interlocutory judgment of the Supreme Court, Kings County, entered January 10, 1969 after a jury trial upon the issues of liability only, (1) in favor of plaintiff against defendants Annungiata and the City of New York and in favor of defendant Welsbach Corp. against plaintiff, upon the jury's verdict, and (2) in favor of defendant the City of New York upon its cross complaint against defendant Welsbach Corp., under the trial court's decision (said defendants had stipulated that the court determine the issues as to the cross complaint). The appeal by the City of New York is from so much of the judgment as is against it and in favor of plaintiff; the appeal by Welsbach Corp., as limited by its brief, is from the same portion of the judgment and also from the portion in favor of the City of New York upon its cross complaint; and the appeal by the Annungiatas, as limited by their brief, is from so much of the judgment as is in favor of plaintiff against them. Interlocutory judgment reversed insofar as appealed from, on the law and the facts and in the interests of justice; accordingly, all the decretal provisions of the judgment are struck out, except that granting judgment to defendant Welsbach Corp. against plaintiff; as between plaintiff and the other defendants and as between defendants City of New York and Welsbach Corp. on the former's cross complaint, action severed and new trial on the issues of liability granted, with costs to abide the event. Plaintiff's intestate was a pedestrian crossing the " T " intersection of Remsen and Clarkson Avenues in Kings County when she was struck by an automobile operated by defendant Joseph Annungiata; she was going from west to east on Remsen Avenue. There was proof offered to show that at the time of the accident the traffic lights in question were not operating properly in that they were in a "steady" condition, i.e., steady green for Remsen Avenue traffic and steady red for Clarkson Avenue traffic. However, there was also testimony by a police officer that he saw the light green in favor of Remsen Avenue traffic on his way to the accident, but red 10 minutes later. The state of this evidence is such that the question of whether the alleged defective condition of the lights was the proximate cause of the accident should be left to the jury on the new trial, as well as all other questions relating to the liability of the several defendants. A new trial on the issues of liability is required, except as between plaintiff and defendant Welsbach Corp. There was proof at the trial that defendant Joseph Annungiata was driving his automobile on Remsen Avenue at a reasonable rate of speed with the light in his favor and that he had no opportunity to avoid the deceased who darted across the street against the light. This proof could have been confirmed by a nonresident eye witness who testified to that effect at a vehicular homicide hearing conducted prior to the trial. However, this witness was not available at the trial and the trial court properly refused to permit any delay (two weeks) to enable this witness to attend. Further, the court properly excluded from evidence the testimony of this witness which had been given at the prior homicide hearing (*Fleury v. Edwards*, 14 N Y 2d 334). Ordinarily, a legal error or tactical miscalculation by trial counsel, standing alone, will not justify a new trial. However, under all the circumstances of this case, we think the jury's verdict is against the weight of the credible evidence and a new trial on the issues of liability, except as between plaintiff and defendant Welsbach Corp., will best serve the interests of justice. The state of the evidence here supports the directive for such new trial, at which defendants may be able to produce the important nonresident eye witness. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.