(October 19, 1978)

ELLIS HOSPITAL, Appellant, v BEATRICE LITTLE, Respondent. (Action No. 1.) BEATRICE LITTLE, as Administratrix of the Estate of JOHN M. LITTLE, Deceased, Plaintiff, v ELLIS HOSPITAL, Defendant. (Action No. 2.)—Appeal from (1) so much of an order of the Supreme Court, entered May 12, 1977 in Schenectady County, as set aside the verdict rendered in favor of the plaintiff in Action No. 1, and dismissed the first and third causes of action of the complaint, and (2) an order of the same court which denied plaintiff's motion for a new trial. Plaintiff, Ellis Hospital, initiated Action No. 1 to recover a judgment for services rendered to John M. Little, defendant's husband, for the period from July 26, 1971 to October 8, 1971, the date of his death, in the amount of $25,265.84. Plaintiff's recovery is based on three separate causes of action: first, that the defendant is responsible for payment under section 101 of the Social Services Law; second, that the decedent left assets which defendant acquired without formal estate proceedings; and third, that defendant was negligent in failing to apply for medical assistance. The trial court, on motion, dismissed the second and third causes of action in Action No. 1, and reserved decision on the motion to dismiss the first cause of action, and submitted the same to the jury. The trial court, on motion, dismissed the second cause of action for malpractice based on negligence in Action No. 2, and submitted respondent's first cause of action based on assault to the jury. Prior to decedent's final illness, he and defendant occupied the family homestead consisting of a 110-acre farm purchased in the name of defendant, who still lives there. The farm was

operated with the help of a son who lived nearby, who paid the taxes, heat, light and telephone bill, and loaned money to his parents when necessary. Defendant also owned a 50-acre plot of land in the Town of Milton, Saratoga County. Defendant had no income and was entirely dependent on her son for support. Section 101 of the Social Services Law provides that the spouse of a person liable to become in need of public assistance or care, shall be responsible for the support of such person, and that the liability imposed by the section shall be for the benefit of any legally incorporated nonprofit institution which receives payments from any governmental agency for the care of medically indigent persons. Section 366 (subd 2, par [a], cl [1]) of the Social Services Law provides that "a homestead which is essential and appropriate to the needs of the household" shall be exempt, and shall not be applied toward the payment or part payment of the cost of medical care and services available under the Social Security Law (cf. *Matter of Galcia*, 59 Misc 2d 511). The jury returned a verdict as follows: "payment of $25,000 in favor of Ellis Hospital. Payment as follows: 110 acres in Ballston Lake, exempt. Fifty acres in Milton to be sold to the satisfaction of Ellis Hospital, hospital bill, to what extent this may be". The trial court instructed the jury, at this point, that their verdict would be one in a sum of money, reporting that part of the hospital's bill that they found the defendant had the ability to pay, and the jury was returned to the jury room for further deliberation. The jury then returned a verdict in the sum of $15,000 in favor of the plaintiff in Action No. 1, and a verdict of no cause of action against the plaintiff in Action No. 2. The trial court granted defendant's motion, upon which it had reserved decision, to dismiss the first cause of action in Action No. 1, and also granted defendant's motion to set the verdict aside as against the weight of evidence, and denied plaintiff's motion for a new trial. The trial court stated in granting the motions as follows: "It is my feeling that the verdict is against the weight of the evidence, not only on the issue of Mrs. Little's ability to pay, but upon the issue of fair and reasonable value of the services rendered. * * * I will grant that motion at this time and also the present motion to set aside the verdict as against the weight of the evidence." We disagree with the trial court's finding that the verdict on the issue of fair and reasonable value of services was against the weight of the evidence. To establish that the value of the care provided was fair and reasonable, plaintiff presented the testimony of four witnesses. The business office manager of Ellis Hospital testified that the ledger had been kept by the hospital in its ordinary course of business which reflected the care provided to the decedent, and the charges made for these services. Dr. Blumenberg, the attending physician, testified to the accuracy of the ledger as to the care provided. The director of fiscal planning and analysis at Ellis Hospital testified that the cost of the hospital's operation was the basic consideration in establishing the charges for the services rendered, and that, in his opinion, the charges for this particular patient were "fair and reasonable". William John, assistant comptroller of St. Clare's Hospital, Schenectady, New York, testified that the charges of Ellis Hospital were "fair and reasonable"; that he was familiar with the manner in which the amount to be charged was reached by hospitals in the Albany and Schenectady areas; and that the charges set forth in decedent's ledger were readily compensable and similar to those at St. Clare's Hospital. In relation to the offer of the ledger in evidence on the issue of "fair and reasonable" charges, the trial court stated: "I think it now becomes a question of fact for the jury. * * * it becomes a matter of weight of the testimony, in my opinion, rather than admissibility". After Mr. John's testimony, the ledger was

received in evidence. The second ground upon which the verdict was set aside was the determination of the court that the verdict was against the weight of the evidence as to the ability of the defendant to pay for the care provided. From the jury's initial report of a verdict in the sum of $25,000 subject to value of defendant's real property in the Town of Milton, and the extent to which it would satisfy the judgment, it is evident that the jury based defendant's ability to pay on her ownership of that particular real property. Plaintiff's real estate expert testified that, in his opinion, the value of the real property located in the Town of Ballston was $39,900. The witness' testimony of the value of the real property in the Town of Milton was rejected by the failure to lay a proper foundation for his testimony, particularly since he testified that he had not seen that property, and did not know whether it was improved property. There was, therefore, no evidence of value, and the jury, on the basis of such evidence, could not find that defendant met the test of ability to pay. The trial court properly determined that the verdict in the sum of $15,000 in the first cause of action was against the weight of the evidence. The final issue is whether the trial court correctly denied plaintiff's motion for a new trial. CPLR 4404 (subd [a]) provides that the court may set aside a verdict, or it may order a new trial of a cause of action where the verdict is contrary to the weight of the evidence. In the trial of the first cause of action in Action No. 1 the evidence of the value of defendant's real property in the Town of Milton could well be established at a new trial by the introduction of competent expert evidence as to such value which would in turn relate to respondent's ability to pay. A judgment setting aside a verdict on the ground that the weight of the evidence was against it, should not lead to a dismissal of the cause of action rather but to a new trial, where perhaps additional evidence might be offered to support the verdict. "That a new trial instead of a dismissal follows a decision that a verdict of a jury upon some issue is against the weight of evidence, is so well settled as to require no discussion" *(Caldwell v Nicolson,* 235 NY 209, 212). Where a trial court has determined that a verdict was contrary to the weight of the evidence, the proper disposition is to set aside the verdict, and order a new trial *(Martin v City of Albany,* 42 NY2d 13; *Jones v Kent,* 35 AD2d 622; *Rohrmayr v City of New York,* 33 AD2d 920; *Ryder v Cue Car Rental,* 32 AD2d 143; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.09). Orders reversed, on the law and the facts, without costs; first cause of action in the complaint in Action No. 1 reinstated, and a new trial ordered. Mahoney, P. J., Kane, Staley, Jr., and Herlihy, JJ., concur; Sweeney, J., not taking part.