■ BREWERY WORKERS PENSION FUND et al., Appellants, v NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND et al., Respondents.—In an action for specific performance of a certain merger agreement, plaintiffs appeal from an order of the Supreme Court, Queens County, dated August 18, 1978, which denied, with leave to renew, their motion to fine and commit defendants for failure to purge themselves of an order of contempt and for an award of reasonable attorney's fees on the motion. Motion by defendants to dismiss appeal as academic granted, without costs or disbursements. Appeal dismissed. Pursuant to the leave conferred by the order under review, plaintiffs renewed their motion to punish defendants for their contempt of court and for reasonable attorney's fees on the original and renewed motions. By order dated May 17, 1979 the renewed motion was decided on the merits thereby rendering the instant appeal academic. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.

■ PATRICIA DI MICELI, Respondent, v JAMES J. DI MICELI, Appellant.— Judgment of the Supreme Court, Westchester County, entered April 3, 1978, affirmed, insofar as appealed from, and order of the same court, entered August 2, 1978, affirmed. No opinion. Appeal from order of the same court, entered June 19, 1978, dismissed. The defendant has apparently abandoned this appeal. The plaintiff is awarded one bill of costs. Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.

■ MICHAEL EVAN, Appellant, v FRED W. WILSON, et al., Respondents.— In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered February 24, 1978, which dismissed the complaint upon the trial court's setting aside the jury's verdict in favor of the plaintiff, after a trial limited to the issue of liability. Judgment reversed, on the law, and new trial granted as to the issue of liability, with costs to abide the event. The jury verdict in favor of the plaintiff was against the weight of the evidence. Accordingly, the trial court correctly set aside the verdict. However, the court should have granted a new trial rather than dismiss the complaint (see *Martin v City of Albany,* 42 NY2d 13, 19). Titone, J. P., O'Connor, Shapiro, Martuscello and Mangano, JJ., concur.