■ VITO LABRIOLA, Appellant, v CITY OF NEW YORK, Respondent.—Judgment of the Supreme Court, Bronx County (Hansel McGee, J.), entered March 27, 1986, which set aside, as

against the weight of the evidence, the jury's verdict in plaintiff-appellant Vito Labriola's favor on the issue of defendant-respondent New York City's liability, and dismissed the plaintiff's complaint, unanimously affirmed, without costs.

On June 13, 1979, plaintiff-appellant Vito Labriola was at the annual feast of St. Anthony in The Bronx. A little before 10:30 P.M., he walked down a street on which there lay a long mat of fireworks. Police directed people in the street to get on the sidewalk. Mr. Labriola followed the police officers' instructions. Within 10 minutes, he was struck in the eye by a spark from the fireworks. This resulted in serious injury. He sued New York City.

A jury, responding to specific interrogatories from the Judge, found Mr. Labriola not negligent in answer to one interrogatory, and 25% at fault, with the city 75% at fault, in answer to another. Justice McGee pointed out the discrepancy. The jury then reconsidered and found New York City 100% at fault. The city moved to set aside the verdict as against the weight of the evidence. Justice McGee granted that motion and simultaneously dismissed the complaint. We affirm the dismissal specifying more precisely the grounds therefor.

When a Judge sets aside a jury's verdict as against the weight of the evidence, a new trial is necessary. *(Martin v City of Albany,* 42 NY2d 13, 19; CPLR 4404 [a].) Justice McGee did not order a new trial. We dismiss because even accepting as true everything Mr. Labriola alleged, he failed to state a cause of action. This obviates the need for a new trial.

Only under very narrow circumstances may a municipality be held liable for its negligent failure to provide police protection. This occurs when a promise of protection is made to a citizen resulting in a "special duty" to that citizen and, to his detriment, the citizen relies on that promise. *(See, Cuffy v City of New York,* 69 NY2d 255.) For example, when the police, aware of a father's violent propensities, assure the mother action will be taken to protect her child, but then the police fail to do so and the child is injured *(Sorichetti v City of New York,* 65 NY2d 461), or, when the city volunteers to maintain school-crossing guards and due to the police department's failure to carry out its assignment, a child is struck by a car *(Florence v Goldberg,* 44 NY2d 189), liability is found.

By contrast, neither the city nor the police made a specific promise to Mr. Labriola. A simple demand by the police to get on the sidewalk does not amount to the promise of safety from a fireworks display. This is especially true when, as in this

case, the plaintiff admits to familiarity with fireworks and could have judged for himself what constituted a safe distance. If anything, by telling Mr. Labriola to get on the sidewalk, the police fortuitously may have prevented a more damaging injury to him. Concur—Murphy, P. J., Kupferman, Ellerin, Wallach and Smith, JJ.