■ LINDA J. MASLOWSKI et al., Plaintiffs, v H.J. KALIKOW & Co., INC., et al., Appellants, and CITY OF NEW YORK, Respondent, et al., Defendants. (And a Third-Party Action.)—Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 22, 1990, which granted defendant City of New York's posttrial motion to set aside a jury verdict against it apportioning liability between the city and the "Kalikow" defendants 25% and 75%, respectively, and dismissing all claims against the city, unanimously affirmed, without costs.

On August 15, 1984, during a parade for Olympic athletes, a "sidewalk bridge", which had been erected by the Kalikow

defendants in order to prevent construction debris from falling on the sidewalk from premises controlled by them, collapsed onto numerous spectators from the weight of persons who had climbed onto the "sidewalk bridge" to watch the parade. The plaintiffs, who were injured during this mishap, sought recovery against the city and the Kalikow defendants for failing to prevent the accident.

The jury found the Kalikow defendants 75% liable for failing to arrange appropriate security for the bridge, for failing to secure the access points to the bridge, and in advising police officers that its employees would keep the bridge clear. The city's Police Department was found 25% liable for failing to prevent unauthorized people from going on to the bridge. In a posttrial order, however, all claims against the city were dismissed as neither the plaintiffs nor the Kalikow defendants had demonstrated the existence of a "special relationship" with the city.

A municipality may be held liable for its negligent failure to provide adequate police protection only where a promise of protection gives rise to a special duty on the part of the municipality. (*Logan v City of New York,* 148 AD2d 167.) All that was proven here is that certain spectators were directed by police officers to stand on a portion of a sidewalk under the pedestrian bridge, which does not give rise to a "special relationship", as the direction did not amount to a promise of safety. (*See, Labriola v City of New York,* 129 AD2d 505, *lv denied* 70 NY2d 604.) Also, the fact that the city had a security plan in effect for the parade did not create a special relationship between plaintiffs, Kalikow and the city, as the security plan was designed to protect all spectators, and not any person in particular. (*See, Vitale v City of New York,* 60 NY2d 861.) Moreover, there was no evidence that Kalikow was contacted by the municipality's agents or relied on any assurances of assistance. *Rotz v City of New York* (143 AD2d 301) is not apposite since that case involved the city's obligation in its proprietary capacity as the owner and operator of a public park to those invited to enter the park. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.