■ ALVA ARMSTRONG et al., Appellants, et al., Plaintiffs, v WINSTON G. SCOTT et al., Defendants, and CITY OF NEW YORK, Respondent. (And Third-Party Actions.) [801 NYS2d 822]—

In an action to recover damages for personal injuries, etc., the plaintiffs Alva Armstrong, Cheryl Armstrong, Sasha Armstrong, an infant by her parent and natural guardian Cheryl Armstrong, and Kara Charles, an infant by her mother and natural guardian Anne-Marie Charles appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated July 31, 2003, as granted the motion of the defendant City of New York which was for summary judgment dismissing the complaint of those plaintiffs insofar as asserted against it, and the plaintiffs Lincoln David, individually and as administrator of the estate of Zachel David, and Donna Debra Joseph, individually and as administratrix of the estate of Donn Anthony Joseph, separately appeal from the same order.

Ordered that the appeals by the plaintiff Lincoln David, individually and as administrator of the estate of Zachel David, and Donna Debra Joseph, individually and as administratrix of the estate of Donn Anthony Joseph, are dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs Alva Armstrong, Cheryl Armstrong, Sasha Arm-

strong, an infant by her parent and natural guardian Cheryl Armstrong, and Kara Charles, an infant by her mother and natural guardian Anne-Marie Charles; and it is further,

Ordered that one bill of costs is awarded to the defendant City of New York payable by the plaintiffs Alva Armstrong, Cheryl Armstrong, Sasha Armstrong, an infant by her parent and natural guardian Cheryl Armstrong, and Kara Charles, an infant by her mother and natural guardian Anne-Marie Charles.

The plaintiffs Alva Armstrong, Cheryl Armstrong, Sasha Armstrong, an infant by her parent and natural guardian Cheryl Armstrong, and Kara Charles, an infant by her mother and natural guardian Anne-Marie Charles (hereinafter the plaintiffs) commenced this action against, among others, the City of New York, with respect to injuries sustained during the West Indian American Day Parade in 1999. The plaintiffs alleged that the City negligently supervised the vehicles and participants in the parade. They alleged that this negligent supervision proximately caused their injuries when a vehicle driven by the defendant Ashton Gretton, participating in the parade without registering with the sponsor, the defendant West Indian American Day Carnival Association, Inc., struck them from behind. The plaintiffs contend, inter alia, that the City voluntarily assumed the duty of screening each parade vehicle for sponsor registration prior to the parade, and performed that duty in a negligent manner.

In response to the City's prima facie showing of entitlement to summary judgment, the plaintiffs failed to raise a triable issue of fact regarding the existence of a special relationship between them and the New York City Police Department (hereinafter the Police Department) (*see Pelaez v Seide,* 2 NY3d 186 [2004]). They failed to establish a duty running directly to them, as there was no evidence of contact with or reliance upon the police or any police activities or assurances during or before the parade (*see Kovit v Estate of Hallums,* 4 NY3d 499 [2005]; *Lauer v City of New York,* 95 NY2d 95 [2000]; *Merced v City of New York,* 75 NY2d 798 [1990]; *Kircher v City of Jamestown,* 74 NY2d 251 [1989]; *Cuffy v City of New York,* 69 NY2d 255 [1987]; *Helman v County of Warren,* 67 NY2d 799 [1986]; *see also Maslowski v Kalikow & Co.,* 168 AD2d 265 [1990]). Since the plaintiffs cannot identify a duty owed to them by the City, their negligence claims must fail (*see Lauer v City of New York, supra; Anton v State of New York,* 304 AD2d 510 [2003]). Moreover, assuming a duty existed due to the Police Department's voluntary assumption of the task of screening parade vehicles for sponsor registration before the parade, there is no evidence in the rec-

ord that such screening was intended to benefit a specific group of persons rather than the public at large, or that any plaintiff relied upon that assumption of duty (*cf. Florence v Goldberg*, 44 NY2d 189 [1978]). Accordingly, the City is entitled to governmental immunity and its motion for summary judgment was properly granted. Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.