■ PANAGIOTIS STAMBOULIS et al., Appellants-Respondents, v JAMES STEFATOS et al., Defendants and Third-Party Plaintiffs-Respondents. PROTO CONSTRUCTION, INC., Third-Party Defendant-Respondent-Appellant. [681 NYS2d 342] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated November 3, 1997, as granted those branches of the defendants' cross motion which were for summary judgment dismissing the plaintiffs' causes of action based on Labor Law §§ 240 and 241, and the third-party defendant cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the plaintiffs' causes of action under Labor Law §§ 240 and 241 on the ground that the third-party defendant did not have standing to make the motion.

Ordered that the cross-appeal is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

For an owner of a one or two-family residential dwelling to be liable under Labor Law §§ 240 and 241, the plaintiff must prove that the owner "directed or controlled" the manner in which the work is performed (Labor Law §§ 240, 241 [6]; see, Kolakowski v Feeney, 204 AD2d 693). Here, the defendant James Stefatos merely told the plaintiff Panagiotis Stamboulis which parts of the house to paint and the colors he wanted the

house painted. Under these circumstances, the necessary direction and control was not shown and therefore the trial court properly granted summary judgment to the defendants (*see, Patterson v Pasa,* 203 AD2d 866).

There is also no merit to the plaintiffs' claim that Labor Law § 240 applies because of the presence of a shed on the defendants' property, which was used to store commercial equipment. The painting of the house was in no way related to the commercial purpose of the shed. Therefore, the trial court did not err in granting summary judgment to the defendants dismissing the Labor Law § 240 cause of action (*see, Bartoo v Buell,* 87 NY2d 362).

We agree with the third-party defendant that it could properly move for summary judgment against the plaintiffs (*see,* CPLR 1008). However, in light of the fact that we are affirming the Supreme Court's order granting summary judgment to the defendants, dismissing the causes of action under Labor Law §§ 240 and 241, the third-party defendant's cross appeal must be dismissed as academic.

The parties' remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.