■ ENRIQUE COLON, Respondent, v LEHRER, MCGOVERN & BOVIS, INC., et al., Appellants, et al., Defendants. P.R. ERECTORS, Third-Party Plaintiff-Appellant-Respondent, v NORTH-

BERRY CONCRETE CORP., Third-Party Defendant-Respondent-Appellant. LEHRER, MCGOVERN & BOVIS, INC., Second Third-Party Plaintiff-Respondent, v NORTHBERRY STRUCTURES, INC., et al., Second Third-Party Defendants-Respondents-Appellants. [687 NYS2d 130] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered November 19, 1997, which, to the extent appealed and cross-appealed from as limited by the briefs, denied the motions and cross motions of defendant and third-party plaintiff Lehrer, McGovern & Bovis, Inc., defendant and third-party plaintiff P.R. Erectors, defendant Owen Steel Company, and third-party defendant Northberry Concrete Corp. for summary judgment dismissing the complaint and all cross claims, unanimously modified, on the law, to the extent of dismissing plaintiff's claims under Labor Law §§ 240, 241 and 241-a, and dismissing the common-law claim in the first cause of action and the Labor Law § 200 claim in the third cause of action as asserted against all parties other than Lehrer, McGovern & Bovis, Inc., and otherwise affirmed, without costs.

Plaintiff, a lather, was climbing through a parallel set of three perimeter safety cables attached to I-beams at a construction site when, while straddling the middle cable in a bending position, he tripped and fell to the floor, suffering injury. Lehrer, McGovern & Bovis, Inc., the general contractor, had contracted with Owen Steel to supply material for the project at property owned by BPT Properties Foley Square. Owen subcontracted with P.R. Erectors to install the structural steel and deck, which included the safety perimeter cables in question, using installation plans and specifications passed along from the general contractor. P.R. Erectors in turn subcontracted with A.C. Associates for assistance in the installation of structural steel. Northberry, plaintiff's employer, was hired to do the lathing. The general contractor, Owen Steel, P.R. Erectors and Northberry all moved or cross-moved for summary judgment dismissing plaintiff's complaint, including its Labor Law claims. In the order appealed from, these motions were denied in their entirety.

We modify. Since plaintiff's fall was occasioned by his exposure to "the usual and ordinary dangers of a construction site, and not the extraordinary elevation risks envisioned by Labor Law § 240 (1)" (Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841, 843), his cause of action based on that section of the statute should have been dismissed.

Labor Law § 241 (6) imposes a duty on owners and contractors to provide reasonable and adequate protection and safety

to workers. Dismissal should have been ordered respecting this claim as well, since the complaint fails to allege a breach or violation of any specific safety regulation or standard as a proximate cause of the accident (*Ares v State of New York*, 80 NY2d 959).

Finally, the claim under Labor Law § 200 is based on the common-law duty of owners and general contractors to provide a safe place for employees of subcontractors to work (*Rusin v Jackson Hgts. Shopping Ctr.*, 27 NY2d 103, 106), and is thus synonymous with the claim in the first cause of action. But in order to recover against an owner or general contractor for alleged defects or dangers arising from a subcontractor's methods or materials, it must be shown that the party charged with negligence exercised some supervisory control over the operation (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505). Mere notice of unsafe methods of performance is not enough to hold the owner or general contractor vicariously liable under this section (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). The property owner exercised no such supervision here. However, a question of fact remains as to whether the general contractor, whose allegedly defective plans were used by subcontractor P.R. Erectors in installing the safety cables, exercised such on-site supervision. (Plaintiff testified as to one instance where a Lehrer employee was actively involved in placing netting around the safety cables.)

Accordingly, so much of Lehrer, McGovern & Bovis, Inc.'s motion as sought to dismiss the common-law claim in the first cause of action and the section 200 claim in the third cause of action against that party was properly denied. By contrast, no such triable issue exists with respect to Owen Steel, P.R. Erectors' prime contractor, since Owen's only responsibility was to provide the steel materials; there is no evidence in the record to establish that Owen exercised any supervisory control over the work.

Motion and cross-motion deemed motion and cross-motion for reargument, said motion and cross-motion granted, and upon reargument, the unpublished decision and order of this Court entered January 26, 1999 [Appeal No. 2877] recalled and vacated and a new decision and order subtituted therefor. Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.