■ JOSEPH R. LANG et al., Appellants, v JOHN HAVLICEK, Respondent. (And a Third-Party Action.) [707 NYS2d 642] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 30, 1999, which, *inter alia,* granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241.

Ordered that the order is affirmed, with costs.

The plaintiff Joseph R. Lang fell from a ladder and sustained injuries while he was performing his duties as a plumber at the defendant's single-family house. The plaintiffs contend that a question of fact exists as whether the defendant was directing or controlling the injured plaintiff's work which, if true, would make the defendant liable for his injuries under Labor Law § 240 (1) and § 241.

Under Labor Law § 240 (1) and § 241, a property owner is absolutely liable for an employee's injuries resulting from a fall from a ladder if the property owner did not properly protect the employee with respect to the construction, operation, or placement of the ladder (see, Labor Law § 240 [1]; § 241 [6]). However, an owner of a single-family house is exempt from these statutes unless the owner directed or controlled the plaintiff's work (see, Labor Law § 240 [1]; § 241 [6]; *Rimoldi v Schanzer,* 147 AD2d 541).

The plaintiffs failed to raise an issue of fact as to whether the defendant directed or controlled the injured plaintiff's work. Although the defendant was a carpenter/contractor by trade and performed a significant amount of work in constructing the house, he did not control, direct, or supervise the method or manner of the injured plaintiff's plumbing tasks (see, *Jenkins v Jones,* 255 AD2d 805; *Jacobsen v· Grossman,* 206 AD2d 405; *Kolakowski v Feeney,* 204 AD2d 693). "[T]he exemption is not vitiated by reason of a homeowner engaging in construction work on the premises unrelated to that undertaken by [the] plaintiff" (*Kammerer v Baskewicz,* 257 AD2d 811, 812). Thus, the defendant is exempt from the mandates of Labor Law § 240 (1) and § 241.

The plaintiffs' remaining contention is without merit. Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.