■ DARRYLL REILLY et al., Respondents, v LORECO CONSTRUCTION, INC., et al., Appellants. [726 NYS2d 142] —In an action to recover damages for personal injuries, the defendants Arthur J. Ackert, Jr., and Krista Ackert appeal, and the defendants Loreco Construction, Inc., Loreco Sales & Marketing, Inc., d/b/a Pondview Development Co., and Loreco Corp., d/b/a Pondview Development Co., and the defendant Ralph Gastin, d/b/a County Wide Contracting separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 3, 2000, as denied their respective motions for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the motion of the defendants Arthur J. Ackert, Jr., and Krista Ackert for summary judgment dismissing the complaint and cross claims insofar as asserted against them, and substituting a provision therefor granting that motion, and (2) deleting the provisions thereof denying those branches of the motion of the defendants Loreco Construction, Inc., Loreco Sales & Marketing, Inc., d/b/a Pondview Development Co., and Loreco Corp., d/b/a Pondview Development Co., and those branches of the motion of the defendant Ralph Gastin, d/b/a County Wide Contracting, which were to dismiss the plaintiffs' complaint insofar as asserted against them to the extent it is based on allegations of common-law negligence and a violation of Labor Law § 200, and substituting therefor provisions granting those branches of those motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The evidence disclosed during the course of pretrial discovery included proof that the plaintiff Darryll Reilly did business under the name "Reilly's Roofing and Siding," and that at the request of the defendant Ralph Gastin, d/b/a County Wide Contracting, he agreed to perform siding work on the house being constructed by the defendants Arthur J. Ackert, Jr., and Krista Ackert. The record includes a copy of a construction contract signed by the Ackerts and by Denis Lore, the president of the defendant Loreco Sales & Marketing, Inc., d/b/a Pondview Development Co.

In performing the siding work, Reilly was to supply his own scaffolding, pump jacks, and ladders. When Reilly was asked at his deposition whether Mr. Ackert, Lore, or Gastin directed him in any way in connection with the manner in which he performed the application of the siding to the house, he replied that they did not. He testified that on September 21, 1995, he "lost [his] footing" while stepping down off a stepladder onto a catwalk, and fell. He testified, "I just missed a step, I think."

The defendants produced evidence sufficient to establish as a matter of law that there was no negligent act or omission on the part of anyone except Reilly which caused or contributed to the happening of the accident, and that the happening of the accident was due solely to a "dangerous condition [which arose from Reilly's] own methods in performing the work" (*Benefield v Halmar Corp.*, 264 AD2d 794). We also find that the plaintiffs, in their opposition papers, failed to demonstrate the existence of any triable issue of fact in this regard. Under these circumstances, the defendants are entitled to summary judgment

dismissing so much of the complaint as is premised on common-law negligence and Labor Law § 200 (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Lyon v Kuhn*, 279 AD2d 760; *Benefield v Halmar Corp., supra*).

With respect to so much of the complaint as is premised on violations of Labor Law §§ 240 and 241, we agree with the Supreme Court to the extent that it concluded that there are triable issues of fact as to whether any of the corporate defendants related to Lore were "responsible for coordinating and supervising the entire construction project and * * * invested with a concomitant power to enforce safety standards and to hire responsible contractors" (*Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856) or otherwise is properly deemed a "contractor" within the meaning of those statutes (*see also, Williams v Dover Home Improvement*, 276 AD2d 626), and as to whether any of Lore's corporations, or Gastin, may properly be deemed an agent of the general contractor or owner (*see generally, Ruiz v 8600 Roll Rd.*, 190 AD2d 1030).

The record contains evidence tending to show that, apart from signing the application for the building permit, the only connection Krista Ackert had with the progress of the construction of the home consisted of periodic visits. There is no proof that she directed or controlled the work in any way. Thus, the homeowner's exemption contained in the statutes noted above applies to her, and the Supreme Court should have dismissed the complaint and all cross claims insofar as asserted against her (*see, Mayen v Kalter*, 282 AD2d 508).

With respect to Mr. Ackert, we note that there is no evidence that he controlled the manner in which Reilly was performing his work at the time of the accident. Under these circumstances, the existence of any issue of fact as to whether Ackert may have functioned, in effect, as his own general contractor, does not negate application of the homeowner's exception to liability under Labor Law §§ 240 and 241 (*see, Clark v Mann*, 280 AD2d 866; *Duarte v East Hills Constr. Corp.*, 274 AD2d 493; *Lang v Havlicek*, 272 AD2d 298). Therefore, the Supreme Court should have granted summary judgment in his favor as well. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.