■ LEON DENNIS et al., Respondents-Appellants, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. NAB CONSTRUCTION CORPORATION et al., Third-Party Defendants-Appellants-Respondents. [758 NYS2d 661] —In an action to recover damages for personal injuries, etc., the third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated August 29, 2000, as denied that branch of their motion which was for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 241 (6), and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted those branches of the respective motion and cross motion of the third-party defendants and the defendant which were for summary judgment dismissing the plaintiffs' causes of action pursuant to Labor Law § 200 and common-law negligence, and denied their cross motion to strike the pleadings of the defendant and the third-party defendants.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs' reliance upon Industrial Code former § 19.4 (a) and § 23-1.8 (a) (see 12 NYCRR former 19.4 [a]; 23-1.8 [a])

is sufficient to withstand those branches of the respective motion and cross motion for summary judgment dismissing their cause of action pursuant to Labor Law § 241 (6). It cannot be said, as a matter of law, that those regulations are inapplicable to the facts of this case. Furthermore, the plaintiffs' proof was sufficient to show the existence of a triable issue of fact as to whether or not the plaintiff Leon Dennis was engaged in an activity that endangered his eyes at the time of the accident and whether or not the accident was foreseeable (*see Galawanji v 40 Sutton Place Condominium,* 262 AD2d 55 [1999]; *McCune v Black Riv. Constructors,* 225 AD2d 1078, 1079 [1996]; *Cappiello v Telehouse Intl. Corp. of Am.,* 193 AD2d 478, 479 [1993]).

The Supreme Court correctly granted those branches of the motion and cross motion which were for summary judgment dismissing the plaintiffs' common-law negligence and Labor Law § 200 claims against the defendant. To establish liability against an owner or general contractor pursuant to Labor Law § 200, it must be established that the owner or general contractor exercised supervision and control over the work performed at the site, or had actual or constructive notice of the allegedly unsafe condition (*see Akins v Baker,* 247 AD2d 562, 563 [1998]). The retention of the right to generally supervise the work, to stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations, does not amount to the supervision and control of the work site necessary to impose liability on an owner or general contractor pursuant to Labor Law § 200 (*see Warnitz v Liro Group,* 254 AD2d 411 [1998]; *D'Antuono v Goodyear Tire & Rubber Co. Chem. Div.,* 231 AD2d 955 [1996]). Moreover, no liability will attach to the owner solely because it may have had notice of the allegedly unsafe manner in which work was performed (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876 [1993]; *Colon v Lehrer, McGovern & Bovis,* 259 AD2d 417, 419 [1999]). The plaintiffs failed to offer any evidence to rebut the showing of the defendant and third-party defendants that the defendant did not supervise or control the plaintiff, or direct the construction procedures or safety measures employed by the third-party defendants. To the extent that the affidavit of the plaintiff Leon Dennis directly contradicted his deposition testimony and was designed to avoid the consequences thereof, it presented only feigned issues of fact and was insufficient to defeat summary judgment (*see Bloom v La Femme Fatale of Smithtown,* 273 AD2d 187 [2000]). Furthermore, since the plaintiffs had ample opportunity to commence discovery proceedings to obtain the outstanding discovery prior to the filing of the motion and cross motion for summary judgment, yet failed to do so, they

cannot now argue that their failure to present evidentiary facts in opposition should be excused pursuant to CPLR 3212 (f) on the ground that the facts needed are exclusively within the knowledge of the defendant and/or the third-party defendants (*see Meath v Mishrick,* ·68 NY2d 992, 994-995 [1986]; *Douglas Manor Assn. v Alimaras,* 215 AD2d 522, 524 [1995]).

Finally, the plaintiffs' cross motion to strike the pleadings of the defendant and the third-party defendants for their failure to respond to the plaintiffs' discovery demands was properly denied. The plaintiffs failed to provide an affirmation of a good-faith effort to resolve any discovery disputes as required by 22 NYCRR 202.7 (*see Barnes v NYNEX, Inc.,* 274 AD2d 368 [2000]). In any event, the plaintiffs failed to establish that any failure by the defendant and the third-party defendants to comply with their discovery demands was the result of willful, deliberate, or contumacious conduct (*see Ploski v Riverwood Owners Corp.,* 284 AD2d 316 [2001]). Florio, J.P., McGinity, Luciano and Schmidt, JJ., concur.