■ Dennis Cardace et al., Appellants, v William G. Fanuzzi et al., Respondents, et al., Defendant. [768 NYS2d 381]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated May 6, 2002, as granted those branches of the motion of the defendants William G. Fanuzzi and Carol A. Fanuzzi which were for summary judgment dismissing the causes of action to recover damages for common-law negligence and alleged violations of Labor Law § 200 and § 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

An owner of a one- or two-family dwelling is subject to liability under Labor Law § 241 (6) only if he or she directed or controlled the work being performed (see Garcia v Petrakis, 306 AD2d 315 [2003]; Tilton v Gould, 303 AD2d 491 [2003]; Duarte v East Hills Constr. Corp., 274 AD2d 493, 494 [2000]; Kolakowski v Feeney, 204 AD2d 693 [1994]). The phrase "direct or control" is construed strictly and refers to the situation where "the owner supervises the method and manner of the work" (Rimoldi v Schanzer, 147 AD2d 541, 545 [1989]; see Duda v Rouse Constr. Corp., 32 NY2d 405, 409 [1973]).

Contrary to the plaintiffs' contention, the defendant homeowners established their prima facie entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them, and the plaintiffs failed to raise a triable issue of fact (see Garcia v Petrakis, supra at 316; Duarte v East Hills Constr. Corp., supra; Stamboulis v Stefatos, 256 AD2d 328, 329 [1998]).

Similarly, the defendant homeowners were entitled to summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action since they established that they neither controlled nor supervised the injured plaintiff's work, or had actual or constructive notice of any defective condition (see Garcia v Petrakis, supra at 316; Duarte v East Hills Constr. Corp., supra at 495). In opposition, the plaintiffs failed to raise a triable issue of fact. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.