[866 NYS2d 323]

Javier Alcides Ortega et al., Appellants, v Troy Puccia et al., Respondents.

Second Department, October 28, 2008

### APPEARANCES OF COUNSEL

*Martin R. Munitz, P.C.*, New York City (*Louis A. Badolato* of counsel), for appellants.

*Kelly, Rode & Kelly, LLP*, Mineola (*Loris Zeppieri* of counsel), for respondents.

### OPINION OF THE COURT

DILLON, J.

This appeal presents us with an occasion to discuss the precise standard that must be applied in determining summary judgment motions involving causes of action asserting violations of Labor Law § 200, when an accident arises out of the methods or manner of work at a work site rather than a dangerous or defective condition of the premises.

## I. Relevant Facts

The facts underlying this appeal are fairly straightforward. The plaintiff Javier Alcides Ortega (hereinafter the plaintiff) was injured on Sunday, August 8, 2007, while performing work in the scope of his employment with Blue Bird Drywall (hereinafter Blue Bird). On the date of the accident, and for three to five days prior to the accident, the plaintiff performed his work within a single-family house in Bethpage, which was owned by the defendants Troy Puccia (hereinafter Puccia) and Stacey Puccia (hereinafter together the defendants).[1] Blue Bird had been hired by the defendants to perform drywall work on a second story that had been added to the house earlier in the year. Blue Bird's on-site supervisor, Americo Laird, brought a scaffold to the defendants' house on the first day of the drywall project, and assembled it there. The plaintiff and Puccia both testified at their depositions that they believed that the scaffold had been disassembled on the day before the accident. Their testimony also reveals that the scaffold had been reassembled at some point prior to the accident and that, in the course of reassembly, the wheels with which the scaffold had been equipped were not reattached to it. The scaffold was so large that, when fully assembled, it could not be moved through the hallways of the house.

On the morning of the accident, the plaintiff arrived at the defendants' house to continue taping the walls and ceilings. The parties disagree on what happened next. The plaintiff testified at his deposition that Puccia moved the disassembled scaffold from a bedroom to a great room, where Puccia reassembled it. He asserted that the wheels of the scaffold were attached to it, but the wheels were not locked because the locks were not working. According to the plaintiff, Puccia placed four wood blocks under the wheels to hold them in place.

In contrast, Puccia testified at his deposition that he never touched the scaffold during the days leading up to the accident, except when he slightly moved it out of his way on two occasions. He further testified that, while the wheels of the scaffold were equipped with a locking mechanism, he did not know whether it functioned properly prior to the accident. Puccia

---

1. The caption of the case also names Denise Alleyne as a defendant, and she appears as a respondent on this appeal. Since the plaintiffs' complaint makes no allegations about Alleyne, and the record is otherwise silent as to her, our discussion focuses upon the duties and conduct of Troy Puccia and Stacey Puccia, notwithstanding Alleyne's appellate status.

denied ever touching the scaffold or its wheels on the date of the plaintiff's accident and had no recollection of the presence of wood blocks under the scaffold's wheels at that time. Puccia did, however, recall seeing wood blocks under the scaffold's wheels on earlier occasions.

The parties agree that Puccia left the premises before the accident. The accident occurred between 10:00 A.M. and 11:00 A.M., when the plaintiff allegedly fell from the scaffold. The plaintiff had no specific recollection of his accident, remembering only that he woke up in a hospital. Puccia's wife, Stacey, who was at home at the time, heard a "boom" and found the plaintiff at the bottom of the stairs that led to the great room. Puccia believed that, while he was off-premises, the scaffold had been moved to a new location near the stairs of the great room.

The plaintiff commenced this action to recover damages for personal injuries sustained as a result of the defendants' alleged negligence and violations of Labor Law §§ 200, 240 and 241 (6). The plaintiff's wife, Marie Mujica, asserted a cause of action for loss of services. The defendants' answer denied the material allegations of the complaint, the parties proceeded with discovery, and the defendants thereafter moved, along with Alleyne, for summary judgment dismissing all of the claims.

The defendants argued that summary judgment was appropriate under the single-family homeowners' exemption of Labor Law §§ 240 and 241. They also contended that summary judgment was warranted as to the common-law negligence and Labor Law § 200 claims, on the grounds, inter alia, that the plaintiff was in "sole control" of the scaffold at the time of the occurrence, their actions or omissions thus were not proximately related to the accident, and there was no evidence that any scaffold defect was proximately related to the plaintiff's fall.

In opposition, the plaintiff argued that his testimony regarding Puccia's assembly and bracing of the scaffold before the accident raised triable issues of fact as to the defendants' supervision and control of the work, requiring the denial of the defendants' motion for summary judgment dismissing all of the claims.

■ The Supreme Court, in an order entered February 20, 2007, found that there was no evidence that the defendants exercised supervision or control over the work, and that any dangerous condition arose out of the contractor's own methods. Absent supervision or control over the work, the Supreme Court held that the defendants were entitled to invoke the single-

family homeowners' exemption of Labor Law §§ 240 and 241, and that the defendants were not liable under Labor Law § 200 or for common-law negligence as a matter of law. The court thus granted the defendants' motion for summary judgment dismissing the complaint. For the reasons set forth below, we affirm.

## II. Labor Law § 240

Labor Law § 240 requires contractors and property owners, engaged in, among other things, the construction, demolition, or repair of buildings or structures, to furnish or erect scaffolding, ladders, pulleys, ropes, and other safety devices, which must be constructed, placed, or operated as to give proper protection for workers (*see* Labor Law § 240 [1]). The statute is intended to protect workers from gravity-related occurrences stemming from the inadequacy or absence of enumerated safety devices (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). The duties articulated in Labor Law § 240 are nondelegable, and liability is absolute as to the general contractor or owner when its breach of the statute proximately causes injuries (*see Jock v Fien*, 80 NY2d 965, 967-968 [1992]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]).

The language of Labor Law § 240 (1) expressly exempts "owners of one and two-family dwellings who contract for but do not direct or control the work." This exemption is intended to protect residential homeowners lacking in sophistication or business acumen from their failure to recognize the necessity of insuring against the strict liability imposed by the statute (*see Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *see also Cannon v Putnam*, 76 NY2d 644, 649 [1990]; *Mayen v Kalter*, 282 AD2d 508, 509 [2001]).

As the parties seeking summary judgment, the defendants bore the initial burden of establishing their prima facie entitlement to judgment as a matter of law (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). In order to satisfy their prima facie burden on the basis of the "homeowners' exemption," the defendants were required to demonstrate not only that their house was a single- or two-family residence, which is not contested here, but also, that they did not "direct or control" the work being performed (Labor Law § 240 [1]; *see Arama v Fruchter*, 39 AD3d 678, 679 [2007]; *Miller v Shah*, 3 AD3d 521, 522 [2004]; *Saverino v Reiter*, 1 AD3d 427 [2003];

*Stejskal v Simons*, 309 AD2d 853, 854 [2003], *affd* 3 NY3d 628 [2004]). The statutory phrase "direct or control" is construed strictly and refers to situations where the owner supervises the method and manner of the work (*see Boccio v Bozik*, 41 AD3d 754, 755 [2007]; *Arama v Fruchter*, 39 AD3d at 679; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 849 [2006]; *Siconolfi v Crisci*, 11 AD3d 600, 601 [2004]; *Miller v Shah*, 3 AD3d at 522).

Here, contrary to the plaintiffs' contention, the defendants made a prima facie showing that they were entitled to the protection of the homeowners' exemption by submitting evidence demonstrating that they did not direct or control the method and manner of the work being performed (*see Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 849-850; *Cardace v Fanuzzi*, 2 AD3d 557, 558 [2003]). The defendants hired Blue Bird as an independent contractor, and the plaintiff's supervisor at Blue Bird was Laird. The plaintiff did not speak to the defendants other than to exchange greetings and, on one occasion, to discuss a problem with the framing of the ceiling. At the time of the occurrence, neither defendant was even present in the room where the accident occurred. Puccia's testimony that the scaffold had been moved between the time he left the premises and the time of his return is uncontradicted. The defendants' involvement with the drywall project was no more extensive than that of an ordinary homeowner who was not supervising, directing, or controlling the manner of the work. Consequently, the defendants established their prima facie entitlement to judgment as a matter of law based upon the homeowners' exemption from statutory liability (*see Torres v Levy*, 32 AD3d 845, 846 [2006]; *Cardace v Fanuzzi*, 2 AD3d at 558; *Decavallas v Pappantoniou*, 300 AD2d 617, 618 [2002]; *Mandelos v Karavasidis*, 213 AD2d 518, 519-520 [1995], *mod* 86 NY2d 767 [1995]; *Spinillo v Strober Long Is. Bldg. Material Ctrs.*, 192 AD2d 515, 516 [1993]).

In opposition, the plaintiff failed to raise an issue of fact as to the applicability of the homeowners' exception. The plaintiff was working on his own and was in control of the scaffold which had been provided by his employer, Blue Bird. There is no evidence that the defendants instructed the plaintiff how to perform his work or how to use the scaffold (*see Jumawan v Schnitt*, 35 AD3d 382, 383 [2006]; *Garcia v Petrakis*, 306 AD2d 315, 316 [2003]; *Jacobsen v Grossman*, 206 AD2d 405, 406 [1994]). At most, if Puccia moved and assembled the scaffold on one isolated occasion, his actions do not rise to the level of direc-

tion and control, absent evidence that he was also affirmatively directing the plaintiff in the manner of the work or the use of the scaffold (*see Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 849-850; *Garcia v Petrakis*, 306 AD2d at 315-316; *Lang v Havlicek*, 272 AD2d 298 [2000]).

### III. Labor Law § 241

Labor Law § 241 (6), which applies to contractors and owners engaged in construction, excavation, and demolition activities, requires that the work be constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate protection and safety to persons employed therein. The obligations of Labor Law § 241 (6) are nondelegable (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]; *Long v Forest-Fehlhaber*, 55 NY2d 154, 159 [1982]; *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 301 [1978]), and causes of action invoking that statute must be based upon violations of specific codes, rules, or regulations applicable to the circumstances of the accident (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 502; *Ares v State of New York*, 80 NY2d 959, 960 [1992]; *Adams v Glass Fab*, 212 AD2d 972, 973 [1995]).

Labor Law § 241 (6) contains language identical to that contained in section 240 (1) exempting from its application "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 241 [6]; *see Umanzor v Charles Hofer Painting & Wallpapering, Inc.*, 48 AD3d 552 [2008]; *Saverino v Reiter*, 1 AD3d at 427). The defendants are entitled to the protection of the homeowners' exemption under Labor Law § 241 for the same reasons that they are entitled to it under Labor Law § 240 (*see Saverino v Reiter*, 1 AD3d at 427; *Garcia v Petrakis*, 306 AD2d at 316; *Duarte v East Hills Constr. Corp.*, 274 AD2d 493, 494 [2000]; *Lang v Havlicek*, 272 AD2d at 298).

### IV. Labor Law § 200

■ The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294

[1992]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 850; *Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]; *Everitt v Nozkowski*, 285 AD2d 442, 443 [2001]; *Giambalvo v Chemical Bank*, 260 AD2d 432, 433 [1999]). Unlike Labor Law §§ 240 and 241, section 200 does not contain any single- and two-family homeowners' exemption. It makes sense that since homeowners may be held liable in ordinary negligence, the statute's codification of the common law cannot logically exempt one- and two-family homeowners from its scope.

Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed. These two categories should be viewed in the disjunctive.

Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident (*see Azad v 270 5th Realty Corp.*, 46 AD3d 728, 730 [2007]; *Kerins v Vassar Coll.*, 15 AD3d 623, 626 [2005]; *Kobeszko v Lyden Realty Invs.*, 289 AD2d 535, 536 [2001]; *Giambalvo v Chemical Bank*, 260 AD2d at 433).

By contrast, when the manner of work is at issue, "no liability will attach to the owner solely because [he or she] may have had notice of the allegedly unsafe manner in which work was performed" (*Dennis v City of New York*, 304 AD2d 611, 612 [2003]; *see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d at 851; *Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417, 419 [1999]). Rather, when a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]; *Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 204-205 [2007]; *Guerra v Port Auth. of N.Y. & N. J.*, 35 AD3d 810, 811 [2006]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 683 [2005]; *Everitt v Nozkowski*, 285 AD2d at 443; *Reynolds v Brady & Co.*, 38

AD2d 746, 746-747 [1972]).[2] Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200 (*see Natale v City of New York*, 33 AD3d 772, 773 [2006]; *Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d at 683; *Dos Santos v STV Engrs., Inc.*, 8 AD3d 223, 224 [2004]). A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed.

In this case, the plaintiff's accident did not involve any dangerous or defective condition on the defendants' premises. The accident instead involved the manner in which the plaintiff performed his work, which was not supervised by the defendants, and which was performed on equipment provided by the plaintiff's employer, not by the defendants. As stated by the Court of Appeals, "the duty to provide a safe place to work is not breached when the injury arises out of a defect in the subcontractor's own plant, tools and methods, or through negligent acts of the subcontractor occurring as a detail of the work" (*Persichilli v Triborough Bridge & Tunnel Auth.*, 16 NY2d 136, 145 [1965]). In *Persichilli*, the Court of Appeals further stated that while a subcontractor must furnish safe ladders and scaffolds to its employees, a subcontractor's failure to provide safe appliances does not render the "premises" unsafe or defective. The allegedly defective scaffold should instead be viewed as a device involving the methods and means of the work. Under such circumstances, Labor Law § 200 imposes no liability upon owners (*see Persichilli v Triborough Bridge &*

2. While the cited cases focus on the authority to supervise or control the work activity as a precondition to a defendant's liability under Labor Law § 200, some reported cases appear to require the actual exercise of supervision or control before liability may attach (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 504-505; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616, 620 [2008]). Still others appear to blend both standards (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Lombardi v Stout*, 80 NY2d 290, 294 [1992]; *McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]). To interpret Labor Law § 200 as limiting the imposition of liability to only those situations in which the defendant actually exercised supervision or control would, we believe, encourage defendants to purposefully absent themselves from work sites to provide insulation from liability under the statute, as well as under the common law. Thus, in our view, the better standard to apply when the manner and method of work is at issue in a Labor Law § 200 analysis is whether the defendant had the authority to supervise or control the work.

*Tunnel Auth.*, 16 NY2d at 146), absent evidence of the owner's authority to supervise or control the manner and methods of the work.

Here, there is nothing in the record to indicate that the defendants either had the authority to control the manner or method by which the plaintiff performed his work or provided the subject scaffold. Thus, the plaintiffs failed to satisfy the requisite elements of Labor Law § 200 (*see Dupkanicova v Vasiloff*, 35 AD3d 650, 651 [2006]; *Reilly v Loreco Constr.*, 284 AD2d 384, 385 [2001]; *Benefield v Halmar Corp.*, 264 AD2d 794, 795 [1999]).[3]

The plaintiff's inability at his deposition to recall how the accident occurred and what caused him to fall warranted the Supreme Court's granting of that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 claim in any event (*see Blanco v Oliveri*, 304 AD2d at 599-600). In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law with respect to that claim, the plaintiff, regardless of his theory of recovery pursuant to Labor Law § 200, was unable to raise a triable issue of fact as to whether any scaffold defect was proximately related to his accident (*see Capellan v King Wire Co.*, 19 AD3d 530, 531 [2005]; *Weingarten v Windsor Owners Corp.*, 5 AD3d 674, 676-677 [2004]; *Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002]).

## V. Common-Law Negligence

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's claim based on common-law negligence, for the same reasons that it appropriately granted that branch of the defendants' motion which was for summary judgment dismissing the claim under Labor Law § 200 (*see Lombardi v Stout*, 80 NY2d at 295; *Meng Sing Chang v Homewell Owner's Corp.*, 38 AD3d 625, 627 [2007]; *Blanco v Oliveri*, 304 AD2d at 599-600).

---

**3.** Cases cited by the plaintiffs in their brief regarding Labor Law § 200 are largely inapplicable, as they involve circumstances where defendant owners created or had actual or constructive notice of dangerous premises conditions (*e.g. Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]; *Abayev v Jaypson Jewelry Mfg. Corp.*, 2 AD3d 548, 549 [2003]; *Alvarez v Long Is. Fireproof Door Co.*, 305 AD2d 343, 344 [2003]; *Blanco v Oliveri*, 304 AD2d 599 [2003]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589, 590 [2002]; *Hernandez v Board of Educ. of City of N.Y.*, 264 AD2d 709, 710 [1999]; *Akins v Baker*, 247 AD2d 562, 563 [1998]).

The plaintiffs' remaining contentions either are without merit or have been rendered academic by our determination. Accordingly, the order is affirmed, with costs.

FISHER, J.P., RITTER and McCARTHY, JJ., concur.

Ordered that the order is affirmed, with costs.