In an action to recover damages for personal injuries, the defendant M.N.C. General Contractors Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 14, 2012, as granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and granted that branch of the cross motion of the defendants David Nakash and Debbie Nakash which was for summary judgment dismissing its cross claims insofar as asserted against them.
Ordered that the order is modified, on the law, by deleting the *965 provision thereof granting the plaintiffs motion for summary judgment on the issue of liability as to the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant M.N.C. General Contractors Corp., and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants David Nakash and Debbie Nakash payable by the defendant M.N.C. General Contractors Corp., and one bill of costs to the defendant M.N.C. General Contractors Corp. payable by the plaintiff.
The plaintiff allegedly sustained injuries while working on the construction project of a single-family house owned by the defendants David Nakash and Debbie Nakash (hereinafter together the owners). The plaintiff was employed by the third-party defendant Silvio Painting, Inc. (hereinafter Silvio Painting). According to the plaintiffs deposition testimony, he placed an open A-frame ladder atop a scaffold to apply a skim coat to an area of the house that was 15 to 18 feet high. The plaintiff lost his balance when the ladder on which he was standing moved, causing him to fall and sustain injuries. The plaintiff commenced this action against the owners and the general contractor on the project, the defendant M.N.C. General Contractors Corp. (hereinafter MNC).
Contrary to MNC’s contention, the owners properly denominated their request for relief as a cross motion since, in addition to seeking summary judgment dismissing all of the cross claims asserted against them by MNC, they also sought summary judgment dismissing the complaint insofar as asserted against them. Since the owners thereby sought affirmative relief against the plaintiff, who was the moving party, they properly denominated their request for relief as a cross motion (see CPLR 2215; Darras v Romans, 85 AD3d 710, 711-712 [2011]), subject to the notice periods applicable to cross motions.
Turning to the merits, the Supreme Court properly granted that branch of the owners’ cross motion which was for summary judgment dismissing MNC’s cross claims. Pursuant to Labor Law § 240 (1), “owners of one and two-family dwellings who contract for but do not direct or control the work” are exempt from liability thereunder. The owners made a prima facie showing that they were entitled to the homeowner’s exemption by submitting evidence that their house was a single-family residence and that they did not direct or control the plaintiffs work (see Ortega v Puccia, 57 AD3d 54, 59 [2008]; Arama v Fruchter, 39 AD3d 678, 679 [2007]; Saverino v Reiter, 1 AD3d 427 [2003]; Kolakowski v Feeney, 204 AD2d 693, 694 *966 [1994]). In opposition, MNC failed to raise a triable issue of fact as to the applicability of the homeowner’s exemption. Accordingly, the owners were entitled to summary judgment dismissing MNC’s cross claims, which were asserted against them.
However, the Supreme Court should not have granted the plaintiffs motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) against MNC. The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of a transcript of his deposition, at which he testified that the ladder and scaffold failed to afford him proper protection for the work being performed, and that this failure was the proximate cause of his injuries (see Gonzalez v AMCC Corp., 88 AD3d 945, 946 [2011]; Inga v EBS N. Hills, LLC, 69 AD3d 568, 569 [2010]; Chlebowski v Esber, 58 AD3d 662, 662-663 [2009]). In opposition, MNC raised a triable issue of fact as to whether it lacked the authority to supervise the plaintiffs work and enforce safety standards at the site. MNC submitted evidence showing that MNC was responsible for supervising only those subcontractors that it hired, that it did not hire Silvio Painting as its subcontractor, that Silvio Painting and MNC had separate contracts with the owners, that MNC’s contract excluded it from responsibility for overseeing the paint job, and that MNC’s contract did not provide that it was responsible for enforcing safety standards (see Reilly v Loreco Constr., 284 AD2d 384, 386 [2001]; cf. Aversano v JWH Contr., LLC, 37 AD3d 745, 746-747 [2007]; Loiacono v Lehrer McGovern Bovis, 270 AD2d 464, 465 [2000]). In addition, MNC raised a triable issue of fact as to whether the plaintiffs conduct was the sole proximate cause of his accident, as it submitted evidence showing that either the ladder or the scaffold, alone, was adequate for the job at hand, thereby negating any need for the plaintiff’s placement of the ladder on top of the scaffold (see Singh v City of New York, 113 AD3d 605, 606 [2014]; Bin Gu v Palm Beach Tan, Inc., 81 AD3d 867, 868 [2011]; Probst v 11 W. 42 Realty Invs., LLC, 106 AD3d 711, 712 [2013]).
MNC’s remaining contentions are without merit.
Dillon, J.E, Hall, Sgroi and Barros, JJ., concur.