■ Thomas Rodriguez, Appellant, et al., Plaintiff, v Trades Construction Services Corp. et al., Respondents, City of New York, Defendant/Third-Party Plaintiff-Respondent, and The Estates at Opal Ridge, Defendant/Third-Party Defendant-Respondent, et al., Defendants. Design Plumbing and Heating Service, Inc., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [997 NYS2d 78]—

In an action to recover damages for personal injuries, etc., the plaintiff Thomas Rodriguez appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated August 8, 2012, as granted those branches of the motion of the defendants Leewood Real Estate Group/NY, LLC, and Leewood Real Estate Group, LLC, and the defendant/third-party defendant Opal Builders, LLC, sued herein as the Estates at Opal Ridge, the separate motion of the defendant Trades Construction Services Corp., and the separate motion of the defendant/third-party plaintiff, City of New York, which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence, and so much of the Labor Law § 241 (6) cause of action as alleged a violation of 12 NYCRR 23-4.2, insofar as asserted against each of them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants Leewood Real Estate Group/NY, LLC, and Leewood Real Estate Group, LLC, and the defendant/third-party defendant Opal Builders, LLC, sued herein as the Estates at Opal Ridge, which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as alleged a violation of 12 NYCRR 23-4.2 insofar as asserted against the defendant/third-party defendant Opal Builders, LLC, sued herein as the Estates at Opal Ridge, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provisions thereof granting those branches of the motion of the defendant Trades Construction Services Corp., and the separate motion of the defendant/third-party plaintiff, City of New York, which were for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as alleged a violation of 12 NYCRR 23-4.2 insofar as asserted against each of them, and substituting therefor a provision denying those branches of those motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Thomas Rodriguez (hereinafter the appellant), was employed as a plumbing laborer on a project to build 22 residential homes on property owned by the defendant/third-party defendant Opal Builders, LLC, sued herein as the Estate at Opal Ridge (hereinafter Opal Builders). As part of the construction, the appellant's employer, the third-party defendant Design Plumbing and Heating Service, Inc., was hired by the general contractor, the defendant Trades Construction Services Corp. (hereinafter Trades Construction), to install a

private water main for the development and connect that private water main to the public water main owned by the defendant/third-party plaintiff, City of New York. In the course of the installation of the pipe connecting the private water main to the public water main, the appellant was injured when the side of the trench he was working in collapsed. He commenced this action alleging violations of, inter alia, Labor Law §§ 200 and 241 (6), and common-law negligence.

Opal Builders, Trades Construction, and the City each failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing so much of the Labor Law § 241 (6) cause of action as alleged a violation of 12 NYCRR 23-4.2 insofar as asserted against each of them. The Supreme Court erred in determining that the trench in which the appellant was injured was not more than five feet deep and, therefore, 12 NYCRR 23-4.2 was inapplicable. The Supreme Court similarly erred in concluding that the accident did not occur on property owned by the City, and that the City could not be held liable pursuant to Labor Law § 241 (6). The evidence submitted in support of those branches of the motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action included contradictory deposition testimony from the appellant and other eyewitnesses as to the depth of the trench at the location of the accident. There were also contradictions as to the precise location of the accident and whether the accident occurred on property owned by Opal Builders or the City. Accordingly, since Opal Builders, Trades Construction, and the City each failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law, the Supreme Court erred in awarding summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as alleged a violation of 12 NYCRR 23-4.2 insofar as asserted against Opal Builders, Trades Construction, and the City, regardless of the sufficiency of the appellant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

A cause of action alleging a violation of Labor Law § 200 or common-law negligence may arise from either dangerous or defective premises conditions at a work site or the manner in which the work is performed (*see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Where, as here, a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work (*see Pilato v 866 U.N. Plaza Assoc.*,

*LLC*, 77 AD3d 644, 646 [2010]; *Radoncic v Independence Garden Owners Corp.*, 67 AD3d 981 [2009]; *Ortega v Puccia*, 57 AD3d at 61). A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed (*see Ortega v Puccia*, 57 AD3d at 62).

Here, Opal Builders, Trades Construction, and the City each satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 200 and common-law negligence by demonstrating that they did not have the authority to supervise or control the performance of the appellant's work. Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200 or common-law negligence (*see Ortega v Puccia*, 57 AD3d at 62; *Natale v City of New York*, 33 AD3d 772, 773 [2006]). In opposition, the appellant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The appellant's remaining contentions are without merit. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.