Lombardi v City of New York (2019 NY Slip Op 06763)





Lombardi v City of New York


2019 NY Slip Op 06763


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-02330
 (Index No. 508279/13)

[*1]James Lombardi, et al., appellants-respondents,
v
City of New York, et al., respondents-appellants.


Mallilo & Grossman, Flushing, NY (Francesco Pomara, Jr., of counsel), for appellants-respondents.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Rebecca J. Moulton of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated January 26, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-2.3(c) and 23-6.2(d)(1). The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and, in effect, denied that branch of their motion which was for summary judgment dismissing the cause of action alleging common-law negligence.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor law §§ 200 and 240(1) and common-law negligence are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff James Lombardi (hereinafter the plaintiff) was employed as a foreman by nonparty New York Paving, a contractor hired by the defendant Brooklyn Union Gas Company, doing business as National Grid NY (hereinafter Brooklyn Union Gas), to remove metal roadway plates and restore the roadway of East 17th Street between Avenue M and Cedar Street in Brooklyn. The defendants City of New York and New York City Department of Transportation (hereinafter together the City defendants) were the owners of the roadway. The plaintiff allegedly was injured when a metal plate, which was used to cover an excavated trench located on the roadway, struck the plaintiff as it was being removed from the roadway surface.
The plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), commenced this personal injury action, alleging violations of Labor Law §§ 200, 240(1), and 241(6), [*2]and common-law negligence. Following the completion of discovery, the defendants moved for summary judgment dismissing the second amended complaint. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-2.3(c) and 23-6.2(d)(1), denied those branches of their motion which were for summary judgment dismissing the Labor Law §§ 200 and 240(1) causes of action, and, in effect, denied that branch of their motion which was for summary judgment dismissing the common-law negligence cause of action. The plaintiffs appeal, and the defendants cross-appeal.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-2.3(c) and 23-6.2(d)(1). The defendants established, prima facie, that these provisions of the Industrial Code alleged to have been violated were inapplicable to the facts of this case (see Honeyman v Curiosity Works, Inc., 154 AD3d 820, 821; Cruz v Neil Hospitality, 50 AD3d 619, 620). In opposition, the plaintiffs failed to raise a triable issue of fact.
However, the Supreme Court also should have granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action. "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (id.; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action by their submissions, which demonstrated that they only had general supervisory authority over the plaintiff's work (see Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). Contrary to the plaintiffs' contention, the terms of the agreement between New York Paving and Brooklyn Union Gas failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509; Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 477). Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). "The contemplated hazards [of Labor Law § 240(1)] are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). The defendants established, prima facie, that the plaintiff's injury did not result from the type of elevation-related hazard contemplated by Labor Law § 240(1) (see Melo v Consolidated Edison Co. of N.Y., 92 NY2d 909, 911-912; Biafora v City of New York, 27 AD3d 506). In opposition, the plaintiffs failed to raise a triable issue of fact.
The defendants' remaining contention need not be reached in light of our determination.
RIVERA, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court