Sanchez v 12E63, LLC (2025 NY Slip Op 06885)

Sanchez v 12E63, LLC

2025 NY Slip Op 06885

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-00623
 (Index No. 709600/23)

[*1]Santos Miguel Espinal Sanchez, et al., appellants,
v
12E63, LLC, respondent.

Melucci Firm, P.C., Garden City, NY (Daniel Melucci of counsel), for appellants.
Hall, Booth, Smith, P.C., Garden City, NY (Christopher T. Cafaro of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered December 7, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff Santos Miguel Espinal Sanchez (hereinafter the injured plaintiff) allegedly was injured while performing construction work on premises owned by the defendant. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries, alleging, among other things, violations of Labor Law §§ 200 and 241(6). The defendant moved, pre-answer, pursuant to CPLR 3211(a) to dismiss the complaint, arguing, inter alia, that documentary evidence established that it did not supervise the injured plaintiff's work and that it was exempt from the provisions of Labor Law § 241(6) as the owner of a single-family dwelling (see CPLR 3211[a][1]). In an order entered December 7, 2023, the Supreme Court granted the defendant's motion.
"Labor Law § 241(6), which applies to contractors and owners engaged in construction, excavation, and demolition activities, requires that the work be constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate protection and safety to persons employed therein" (Ortega v Puccia, 57 AD3d 54, 60). "Owners of a one- or two-family dwelling used as a residence are exempt from liability under Labor Law § . . . 241(6) unless they directed or controlled the work being performed" (Abdou v Rampual, 147 AD3d 885, 885-886).
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d at 60). "Unlike Labor Law § . . . 241, section 200 does not contain any single- and two-family homeowners' exemption" (id. at 61). "[W]hen a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control [*2]the performance of the work" (id.).
"A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (id. at 84-85 [internal quotation marks omitted]).
Here, contrary to the determination of the Supreme Court, the documentary evidence proffered by the defendant did not utterly refute or conclusively establish a defense to the plaintiffs' Labor Law §§ 200 and 241(6) claims (see Maursky v Latham, 219 AD3d 473, 475; Davis v Henry, 212 AD3d 597, 598). Accordingly, the court should not have directed dismissal of the complaint pursuant to CPLR 3211(a)(1).
The plaintiffs' remaining contention need not be reached in light of our determination.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court