■ In the Matter of NEW YORK BOTANICAL GARDEN, Appellant, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondent. FORDHAM UNIVERSITY, Intervenor-Respondent. [656 NYS2d 242] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 3, 1996, which denied petitioner's application pursuant to CPLR article 78 to annul respondent agency's determination that a radio tower being built on intervenor-respondent's university campus is an accessory use, and dismissed the petition, unanimously affirmed, without costs.

Respondent's determination is supported by substantial evidence that it is commonplace for universities to own and operate radio stations many of which operate at or near the same power level of the proposed radio station, and is rationally based on a statute that specifically lists radio towers as an accessory use (NY City Zoning Resolution § 12-10 [b], [q]). Accordingly, the determination was properly confirmed (see, Matter of Toys "R" Us v Silva, 89 NY2d 411, 423; Matter of Khan v Zoning Bd. of Appeals, 87 NY2d 344, 351). Concur—Rosenberger, J. P., Ellerin, Nardelli and Tom, JJ.

■ CHRISTA CECERE, Respondent, v 3950 BLACKSTONE ASSOCIATES et al., Defendants, and JOHN VAUGHAN, Appellant. [656 NYS2d 242] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about April 7, 1996, which granted plaintiff's motion to set aside the jury's verdict of $57,000 insofar as it awarded $6,500 for past pain and suffering and $11,000 for future pain and suffering, and directed a new trial on damages unless defendant stipulated to increases for past and future pain and suffering to $125,000 and $50,000, respectively, unanimously affirmed, without costs.

We agree with the trial court that the awards for past and future pain and suffering in favor of plaintiff, 22 years old when the index finger on her dominant right hand was caught in a door and severed just below the first knuckle, could not have been reached on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744), and that the awards therefor should be increased as indicated (see, Nicastro v Park, 113 AD2d 129, 136-137; cf., Fields v City Univ., 216 AD2d 87). Concur—Rosenberger, J. P., Ellerin, Nardelli and Tom, JJ.