■ GMAL AHMED et al., Individually and as Parents and Natural Guardians of GAMILA AHMED, an Infant, Appellants, v CHILDREN'S HOSPITAL OF BUFFALO, Respondent. [661 NYS2d 164] —Order unanimously reversed on the law with costs, motion denied and verdict reinstated. Memorandum: A nurse employed by defendant amputated nearly one third of the index finger of plaintiffs' one-month-old daughter while cutting an intravenous tube with a pair of scissors. Surgery was performed to reattach the amputated portion. The reattachment was unsuccessful and, about a week later, the amputated portion was removed.

After a trial on the issue of damages, the jury awarded plaintiffs $87,500 for past pain and suffering and $50,000 for future damages. Defendant moved to set aside the verdict and sought a new trial on the ground that the damages were excessive. Supreme Court granted the motion unless plaintiffs stipulated to a reduction of the award for past pain and suffering from $87,500 to $50,000. The court determined that a reduction was warranted because plaintiffs' daughter suffered conscious pain and suffering on only two occasions: at the time of amputation and about two weeks later; there was no evidence of psychological damage because the testimony of plaintiffs that, when playing with other children, their daughter sometimes would hide her hand was belied by the fact that the child cheerfully and willingly showed her hands to the jury; and an expert testified that plaintiffs' daughter would not suffer functional disability and was left with only a cosmetic deformity.

However, plaintiff mother testified that her daughter screamed for 15 minutes when approximately the top third of the finger was amputated and that, following the attempted surgical reattachment, she was fussy and cranky for about two months. The finger is on the daughter's dominant hand, and plaintiff mother testified that, when her daughter picks up toys or other objects, the finger remains stiff and she has a difficult time buttoning clothes, pulling zippers, tying shoelaces and us-

ing scissors. Plaintiff mother also observed that playmates stare at her daughter's finger and laugh at her daughter, which upsets the child. Plaintiffs' medical expert testified that the severance of a nerve in the child's finger is a source of pain. It was the jury's function to assess the credibility of those witnesses and to evaluate the testimony regarding the child's pain, suffering and disability. In rejecting much of the testimony proffered by plaintiffs, the court improperly invaded the jury's province to evaluate the nature and extent of the injury (*see, Pratt v Sevenski*, 120 AD2d 953). In our view, the jury's award of damages does not deviate materially from what would be reasonable compensation (*see*, CPLR 5501 [c]; *Fields v City Univ. of N. Y.*, 216 AD2d 87), and the jury's verdict must be reinstated. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.