■ Thomas Gruter et al., Respondents, v Lehrer McGovern Bovis, Inc., Appellant and Third-Party Plaintiff-Appellant. Zwicker Electric Company, Inc., et al., Third-Party Defendants-Respondents. (And a Second Third-Party Action.) [707 NYS2d 625] —Judgment, Supreme Court, New York County (Franklin Weissberg, J., and a jury), entered June 16, 1999, insofar as appealed from, in favor of plaintiff laborer and against defendant-appellant construction manager, unanimously affirmed, without costs.

A fair interpretation of the evidence supports a finding that appellant actively supervised safety at the work site, and had the authority to correct the unsafe condition caused by the 1½ to 3-inch high planned concrete lip in the floor (*see, Russin v Picciano & Son*, 54 NY2d 311, 316-317). Such evidence includes appellant's project superintendent's testimony that appellant was responsible for procuring and supervising construction work; hadmultiple offices on site in which it held meetings with contractors; reviewed work in progress to approve requisitions and invoices; had an obligation to initiate, monitor and administer a site safety program; erected and maintained all reasonable safety measures, including signs and warnings for

all workers; had project superintendents on site who, in addition to coordinating and scheduling the work performance of the various trades, also walked the site daily to look for and report any unsafe conditions and conducted regular safety meetings with the various contractors' foremen; had an on-site safety manager "to supervise some of the safety for the trades that were employed by [appellant]"; hired a safety protection contractor (held 30% liable along with appellant's 70%) directly responsible to it; and was aware of the height differentials in the floor (*cf., Freitas v New York City Tr. Auth.*, 249 AD2d 184, 186; *Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417, 419; *Paradise v Lehrer, McGovern & Bovis*, 267 AD2d 132, 134). In addition, there was the testimony of the concrete worker that appellant inspected floors and that its safety contractor provided quarter rounds or wood planks for protection in certain areas whereheight differentials existed. We have considered appellant's other arguments and find them unavailing. Concur—Tom, J. P., Ellerin, Lerner, Andrias and Saxe, JJ.