■ YONG HWAN CHAE, Respondent, v LEE NATIONAL CORPORATION, INC., et al., Defendants, AMTUES ENTERPRISES, INC., et al., Appellants, and 431 WEST 14TH STREET CORP., Respondent. AMTUES ENTERPRISES, INC., et al., Third-Party Plaintiffs-Respondents, v YMC CONSTRUCTION AND SERVICES, INC., Third-Party Defendant-Appellant. 431 WEST 14TH STREET CORP., Second Third-Party Plaintiff-Respondent, v YMC CONSTRUCTION AND SERVICES, INC., et al., Second Third-Party Defendants-Appellants. 431 WEST 14TH STREET CORP., Third Third-Party Plaintiff-Respondent, v MASTER DUCT, INC., Third Third-Party Defendant-Appellant. (And Other Actions.) [722 NYS2d 873] —Amended judgment, Supreme Court, New York County (Karen Smith, J.), entered November 5, 1999, which, in a Labor Law action to recover for personal injuries, *inter alia,* upon a jury verdict in plaintiff's favor in the total amount of $5,340,000, awarded plaintiff damages to be recovered from defendants Amtues Enterprises, Inc., Manark Associates, ATC Management, Inc., Skyway Contracting Corporation, U.S., and 431 West 14th Street Corp., awarded those defendants judgment over and against third-party defendants YMC Construction and Services, Inc., and Master Duct, Inc., for all payments made to plaintiff, awarded YMC judgment against Master Duct for 20% of the payments made to defendants and third-party plaintiffs, awarded Master Duct judgment against YMC for

80% of the same amount, awarded 431 West 14th Street judgment over and against third-party defendant Skyway, and awarded Amtues, Manark, ATC, Skyway and 431 West 14th Street judgment over and against YMC and Master Duct for attorney's fees in an amount to be determined at a later date, unanimously affirmed, without costs.

Mindful that the trial court was uniquely well-situated to assess whether there was a need for a new trial (*see, Cam v Mainor*, 276 AD2d 416), we find that it properly exercised its discretion in denying appellants that relief. We are not "able to conclude that the jury could not have reached its verdict on *any* fair interpretation of the evidence" (*see, Ohdan v City of New York*, 268 AD2d 86, 88, *appeal dismissed* 95 NY2d 885, *lv denied* 95 NY2d 769). More specifically, the verdict that the third-party defendants had supervisory control over the work in which plaintiff was engaged at the time of his injury is supported by a fair interpretation of the evidence (*see, Gruter v Lehrer McGovern Bovis*, 272 AD2d 229). Plaintiff proved that his pain and suffering was caused by reason of the injuries sustained in the accident sued upon (*see, Beckwith v Rute*, 235 AD2d 892, 893-894), and none of the jury's awards deviate materially from what is reasonable compensation under the circumstances. Appellants' complaints about the verdict sheet are not properly preserved, and are in any event without merit.

We have considered appellants' remaining arguments and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.