■ JOSEPH TOLINO et al., Appellants, v TISHMAN SPEYER et al., Defendants, and RICHTER AND RATNER CONTRACTING CORP., Respondent and Third-Party Plaintiff-Respondent, et al., Respondents. CORD CONSTRUCTION CORP., Third-Party Defendant-Respondent. [733 NYS2d 418] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 28, 2000, which, insofar as appealed from, granted motions for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200 and 240 (1) and for common-law negligence, unanimously affirmed, without costs.

The most favorable of the conflicting versions of fact given by plaintiff alleges that he was standing on a wobbly platform lift when his fingers became wedged between a piece of sheetrock

he was installing and the ceiling. Even if accepted, this would not support a cause of action under Labor Law § 240 (1), since the accident would not be gravity related (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Kelleher v Power Auth.*, 211 AD2d 918). The Labor Law § 200 and common-law negligence claims against the building owner, lessee and general contractor were also properly dismissed, since the uncontested evidence reveals that only plaintiff's employer, the framing and drywall subcontractor and third-party defendant herein, exercised supervisory control over his work and the site. The general contractor's general supervisory responsibility did not amount to such supervision and control as is necessary for liability (*see, Buccini v 1568 Broadway Assocs.*, 250 AD2d 466, 468-469). Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.