■ GLORIA R. MOSESSON, Respondent-Appellant, v 288/98 WEST END TENANTS CORP. et al., Appellants-Respondents, et al., Defendants. [743 NYS2d 269] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered March 28, 2001, which, upon a jury verdict, inter alia, awarded plaintiff $690,000 plus prejudgment interest to compensate her for property damage and $66,722.88 for defendants' breach of their warranty of habitability, unanimously modified, on the law, to vacate the award of prejudgment interest calculated from July 1, 1989, and otherwise affirmed, without costs, and the matter remanded for entry of an amended judgment awarding plaintiff prejudgment interest for the period between the verdict and the judgment only. Order, same court and Justice, entered July 30, 2001, which granted plaintiff's motion for an award of attorneys' fees pursuant to Real Property Law § 234, and denied defendants' cross motion for the same relief, unanimously modified, on the law and the facts, to deny plaintiff's motion, and otherwise affirmed, without costs.

The purpose of prejudgment interest is to compensate parties for the loss of the use of money that they were entitled to receive, taking into account the time value of money. Here, where plaintiff's proof of damages set forth the costs of repair at the time of trial, which took place in August 2000, permitting the instant award of prejudgment interest, entitling plaintiff to interest from July 1, 1989, to stand would bestow an unwarranted windfall (see, Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d 256, 261-262). Plaintiff is, however, entitled to interest for the period between the verdict and the judgment (CPLR 5002).

The determination of the "prevailing party," and with it, of the party or parties entitled to an attorney fee award pursuant to Real Property Law § 234 requires "the initial consideration of the true scope of the dispute litigated, followed by comparison of the amount actually sought by the tenant, as determined by the pleadings, offers of proof, or other means" (Solow v Wellner, 205 AD2d 339, 340, affd 86 NY2d 582). Here, defendant was awarded the maintenance arrears it sought. Plaintiff was then awarded a 20% abatement and recovered on her property damage claim. However, the abatement of $66,722.88 was far less than "the not less than $1.5 million," together with punitive damages, that plaintiff sought in the complaint. While she prevailed on her property damage claim, plaintiff's other tort claims were all dismissed or withdrawn. Under these circumstances, "neither party can claim to have prevailed in this litigation, just as neither can claim to have been merely the hapless victim of the other's combative litigation style" (Walentas v Johnes, 257 AD2d 352, 354, lv dismissed 93 NY2d 958).

In view of defendants' failure to timely object to those portions of the court's negligence charge which they now contend were erroneous (see, Kroupova v Hill, 242 AD2d 218, 221, lv dismissed in part and denied in part 92 NY2d 1013), we are unable to conclude that the jury's negligence finding and damages award could not have been reached on any fair interpretation of the evidence (see, Yong Hwan Chae v Lee Natl. Corp., 282 AD2d 317, lv denied 97 NY2d 602). We have considered defendants' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Ellerin, Wallach and Lerner, JJ.