OPINION OF THE COURT
Per Curiam.
 Judgment entered April 30, 2001 (Rolando T. Acosta, J., and jury) modified to vacate the awards for past and future pain and suffering, and the matter remanded for a new trial solely as to damages for past and future pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to decrease the award for past pain and suffering to $150,000 and decrease the award for future pain and suffering to $225,000 and to entry of an amended judgment in accordance therewith.
A fair interpretation of the evidence supports the jury’s finding of liability under Labor Law § 241 (6). The Industrial Code provision cited by plaintiff, 12 NYCRR 23-1.7 (a) (1), requiring “suitable overhead protection” for workers in areas “normally exposed to falling material or objects,” contains “ ‘specific, positive command [s]’ ” sufficient to satisfy section 241 (6) (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 504; see, Murtha v Integral Constr. Corp., 253 AD2d 637, 639). Plaintiff’s credited testimony concerning the circumstances under which he was injured from a falling brick during the hoisting work demonstrated a violation of the Industrial Code commands *262 (see, Belcastro v Hewlett-Woodmere Union Free School Dist No. 14, 286 AD2d 744). Contrary to defendants’ argument, plaintiff was not required to present expert opinion evidence as to “what would be considered suitable overhead protection,” since the applicable Industrial Code section provides detailed specifications of the type of “overhead protection” required and since it is undisputed that plaintiff was not furnished any form of overhead protection. The record also supports the imposition of liability under Labor Law § 200 and common-law negligence, since the jury reasonably could conclude that the on-site defendants-appellants exercised control over the construction area where plaintiff was injured and had the authority to correct the unsafe condition (see, Gruter v Lehrer McGovern Bovis, 272 AD2d 229).
Although plaintiffs fractured thumb required several surgical repairs and has resulted in a loss of sensation and diminished utility, we conclude that the jury awards for past and future pain and suffering — totalling $575,000 — deviate materially from what is reasonable compensation to the extent indicated (see, CPLR 5501 [c]; compare, Mane v Brusco, 280 AD2d 436, with Salazar v Fries & Assoc., 251 AD2d 210; see also, Cecere v 3950 Blackstone Assoc., 238 AD2d 200).
Suarez, P.J., Davis and Schoenfeld, JJ., concur.