■ Patrick McParland, Appellant, v Travelers Insurance Company et al., Respondents. (And a Third-Party Action.) [756 NYS2d 180] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 14, 2001, which, in an action by a laborer for personal injuries sustained on a job site, granted defendant general contractor's and owner's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On appeal, plaintiff does not claim that the owner exercised any supervisory control over the job site such as would make it liable under Labor Law § 200 (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), and liability thereunder cannot be imposed on the general contractor for having instructed plaintiff and his coworkers about an aspect of the job that plaintiff was not engaged in when injured (*see Wong v New York Times Co.*, 297 AD2d 544, 549 [2002]; *Tolino v Tishman Speyer*, 289 AD2d 4, 5 [2001]). We reject plaintiff's contention that supervisory control is not necessary to make a general contractor liable under section 200, and that actual or constructive notice of the injury-causing condition is enough (*cf. Comes* 82 NY2d at 878; *see Colon v Lehrer, McGovern & Bovis*, 259 AD2d 417, 419 [1999]). Nor is there merit to plaintiff's claim under Labor Law § 241 (6). If the floor was slippery in violation of 12 NYCRR 23-1.7 (d), as plaintiff asserts, there is no evidence that such condition in any way caused the stone that fell on him to fall away from the rope that was securing it (*see Ares v State of New York*, 80 NY2d 959 [1992]). Concur—Tom, J.P., Andrias, Buckley, Williams and Friedman, JJ.