■ JOSEPH DESIMONE et al., Respondents, v STRUCTURE TONE, INC., Appellant and Third-Party Plaintiff-Appellant, and TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Respondent. ALBIN GUSTAFSON COMPANY, Third-Party Defendant-Respondent. [762 NYS2d 39] —Judgment, Supreme Court, New York County (Debra Samuels, J.), entered March 22, 2002, which, after a jury trial, inter alia, awarded plaintiffs damages as against defendant general contractor Structure Tone for injuries sustained by plaintiff Joseph DeSimone in two construction site accidents, unanimously modified, on the law, to vacate the finding of liability and award of damages against Structure Tone with respect to the January 13, 1997 accident, and otherwise affirmed, without costs.

The finding of liability and consequent award of damages against Structure Tone with respect to a January 13, 1997 accident in which plaintiff injured his left knee must be vacated. Plaintiff's recovery for the injury sustained in the January 13, 1997 accident was premised upon Structure Tone's alleged violation of Labor Law § 200. However, liability under that provision may not be assigned absent proof that the defendant exercised some supervisory control over the work in the course of which the plaintiff was injured (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Here, there was no such proof before the jury. While there was proof that Structure Tone in its capacity as general contractor had general supervisory responsibility for the project, the showing essential to sup-

port a finding of liability pursuant to Labor Law § 200, that the defendant oversaw or controlled the manner or method of the work in which plaintiff was engaged at the time of his injury (*see Tolino v Tishman Speyer*, 289 AD2d 4 [2001]; *Buccini v 1568 Broadway Assoc.*, 250 AD2d 466 [1998]), was entirely absent.

The evidence, fairly considered, did, however, support the finding of liability and award against Structure Tone with respect to the March 10, 1998 accident in which plaintiff injured his right knee. Liability for the harm sustained by plaintiff in the March 10, 1998 accident was properly assigned Structure Tone pursuant to Labor Law § 241 (6) based upon Structure Tone's demonstrated failure, in violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2), to discharge its nondelegable duty to keep plaintiff's work area free of scattered materials, such as the pipes upon which plaintiff tripped (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]).

While plaintiff's separate knee injuries were in some respects similar, the significantly greater pain and suffering award made in connection with the March 10, 1998 injury is nonetheless sustainable in view of the evidence showing that the postoperative sequelae of that injury, including a procedure to remove fluid that had accumulated on plaintiff's knee, were very much more difficult than those involved in connection with plaintiff's earlier knee injury.

Structure Tone's remaining arguments are unavailing. Concur—Nardelli, J.P., Tom, Andrias and Lerner, JJ.