■ TERRY BRADSHAW, Appellant-Respondent, v 845 U.N. LIM-ITED PARTNERSHIP et al., Respondents-Appellants. [768 NYS2d 458]—

Judgment, Supreme Court, New York County (Marcy Friedman, J.), entered July 8, 2003, which, upon a jury verdict, inter alia, awarded plaintiff $50,000 in damages for past pain and suffering and no damages for future pain and suffering, and bringing up for review an order, same court and Justice, entered October 3, 2002, which denied plaintiff's motion for new trial on damages for past and future pain and suffering, unanimously modified, on the facts, to remand the matter for a new trial solely on the issue of damages for future pain and suffering, and otherwise affirmed, without costs, unless defendants, within 20 days of service of a copy of this order, with notice of entry, stipulate to a damages award for future pain and suffering in the amount of $35,000 and to entry of an amended judgment in accordance therewith. Appeal from the October 3, 2002 order denying plaintiff's motion for a new trial respecting damages for pain and suffering unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Contrary to defendants' contention, the trial evidence, showing that plaintiff was injured when a coworker helping plaintiff to guide rebar into place fell over a pile of construction material, causing the rebar to catch on and partially sever plaintiff's finger, permitted the jury fairly to conclude that there had been a violation of 12 NYCRR 23-1.7 (e) (2), the regulatory predicate for plaintiff's Labor Law § 241 (6) claim (see *DeSimone v Structure Tone*, 306 AD2d 90 [2003]).

Although the past pain and suffering award cannot be said to have deviated materially from what is reasonable compensation under these circumstances (see CPLR 5501 [c]), the jury's failure to award plaintiff damages for future pain and suffering was insupportable given the evidence showing that in conse-

quence of the alleged injury the distal portion of plaintiff's right ring finger had been amputated and that plaintiff would experience hypersensitivity in the remaining portion of the finger for the balance of her life (*see Cecere v 3950 Blackstone Assoc.*, 238 AD2d 200 [1997]; *Ahmed v Children's Hosp. of Buffalo*, 238 AD2d 956 [1997]). We accordingly exercise our additur power to the extent indicated. Concur—Rosenberger, J.P., Lerner, Friedman and Marlow, JJ.