■ Israel Ramos, Appellant, v City of New York, Respondent, et al., Defendants. [891 NYS2d 385]—

Applying "the narrowly restricted level of appellate review governing 'insufficiency-as-a-matter-of-law' challenges" to jury verdicts (*see Campbell v City of Elmira*, 84 NY2d 505, 509-510 [1994]), we find that the jury's verdict apportioning liability for plaintiff's injuries 40% to the City and 60% to Brian Morales was rationally supported by the evidence. Contrary to the City's contention, the jury could reasonably have concluded that the police officers continued their pursuit of the stolen vehicle driven by Morales after entering the Bronx River Parkway, thereby recklessly disregarding the safety of others (*see* Vehicle and Traffic Law § 1104 [e]; *see Fioriello v Sasson*, 255 AD2d 549 [1998], *lv denied* 93 NY2d 817 [1999]). There was also sufficient evidence to support the jury's verdict that the police officers' conduct was a proximate cause of the accident and plaintiff's injuries. Contrary to the City's contention, it cannot be said as a matter of law that Morales's conduct was the sole, superseding cause of the accident (*see Mercado v Vega*, 77 NY2d 918, 919-920 [1991]).

The jury's award of $2.5 million for past pain and suffering and $1.5 million for future pain and suffering over a period of 14 years deviates materially, to the extent indicated, from what is reasonable compensation for plaintiff's injuries to the left, nondominant hand, including severance of the left pinky finger (*see* CPLR 5501 [c]; *Bradshaw v 845 U.N. Ltd. Partnership*, 2 AD3d 191 [2003]; *Cabezas v City of New York*, 303 AD2d 307 [2003]). Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.