[906 NYS2d 732]

Saba Realty Partners LLC, Petitioner, v International Gold
Star Inc., Respondent.

Civil Court of the City of New York, Kings County, August 12, 2010

APPEARANCES OF COUNSEL

*Wenig Saltiel LLP*, Brooklyn (*Scott F. Loffredo* of counsel), for respondent. *Levi & Epstein, LLP*, Brooklyn (*Walter E. Levi* of counsel), for petitioner.

**OPINION OF THE COURT**

PETER P. SWEENEY, J.

Petitioner Saba Realty Partners LLC commenced this summary nonpayment proceeding seeking to recover possession of a commercial premises located at 579 Smith Street, Brooklyn, New York (the premises). Respondent International Gold Star Inc. now moves for summary judgment dismissing the proceeding.

## Underlying Facts

Petitioner commenced this nonpayment proceeding alleging that respondent "entered into possession [of the premises] under a certain written agreement of lease between Petitioner and Respondent, commencing on or about July 1, 2004 . . . wherein Respondent promised to pay to Petitioner rent and additional rent." Petitioner further alleged that "[p]ursuant to the Lease, there was due to Petitioner from Respondent as of April 8, 2010, rent and additional rent in the amount of $118,054.00, as set forth in the rent demand."

In the rent demand underlying this proceeding, petitioner claims that respondent did not pay monthly rent that was due under the lease agreement between the parties for the months of March, April, May and June of 2009. The alleged monthly rent for each of these months is $4,907. Petitioner further claimed that respondent did not pay the monthly rent from July 2009 to April 2010. The alleged monthly rent for each of these months is $9,814, twice the amount due for the months of March, April, May and June of 2009.

The lease between the parties provided for a five-year term and gave respondent an option to renew the lease for an additional five-year term. The monthly base rent called for in the last year of the initial lease term was $4,907.

In support of its motion, respondent submitted admissible proof to the effect that it exercised the option to renew the lease and that the agreed-upon monthly rent under the lease for the months of July 2009 to April 2010 was $5,054, not $9,814, as alleged in the rent demand. Respondent contends that the rent

demand is therefore legally deficient and that the proceeding must therefore be dismissed.

In its opposition papers, petitioner asserts that the respondent did not exercise the option to renew the lease and that the lease, by its terms, expired on June 30, 2009. The proof submitted by petitioner in opposition to the motion raised a triable issue of fact as to whether respondent renewed the lease.

Petitioner goes on to explain how it calculated the rent due for the months of July 2009 to April 2010. Petitioner maintains that the lease agreement contained a provision as to how use and occupancy would be calculated in the event that respondent did not vacate the premises at the end of the lease term. This provision, paragraph 63, provides, in pertinent part, as follows:

> "If the demised premises are not surrendered and vacated as and at the time required by this lease (time being of the essence), Tenant shall be liable to Landlord for . . . (b) per diem use and occupancy in respect of the demised premises equal *to two times the fixed rent* and any additional rent payable under the lease for the last year of the term of the lease (which amount the Landlord and Tenant presently agree is the minimum to which Landlord would be entitled, is presently contemplated by them as being fair and reasonable under the circumstances and is not a penalty). In no event, however, shall this Article be construed as permitting Tenant to holdover in possession of the demised premises after the expiration or termination of the term of the lease" (emphasis added).

Petitioner contends that the monthly base rent payable under the lease for the last year of the term of the lease was $4,907. Hence, for the months of July 2009 to April 2010, petitioner claims it was entitled to twice this amount, $9,814, as monthly rent. Petitioner further maintains that paragraph 63 of the expired lease effectively created a new rental agreement between the parties.

In its reply papers, respondent argues that paragraph 63 of the lease simply set forth a basis for calculating use and occupancy in the event that respondent held over following the expiration of the lease and did not create a new rental agreement between the parties. Respondent further argues that since petitioner is claiming that the lease agreement between the parties expired on June 30, 2009 and no other existing rental agree-

ment between the parties is being alleged other than that created by paragraph 63, the proceeding must be dismissed.

## Analysis

Analysis must begin with the acknowledgment that this is a "nonpayment" proceeding, not a holdover proceeding. Critical to a nonpayment proceeding is that "[t]he tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held . . . ." (RPAPL 711 [2].) This court reads RPAPL 711 (2) to mean that a nonpayment proceeding can be used to remove a tenant from possession only where the tenant is holding the premises under an existing rental agreement.

Here, petitioner contends that the lease between the parties expired on June 30, 2009. There is no claim by the petitioner that it accepted rent from the respondent following the expiration of the lease and, therefore, there is no basis to conclude that an implied rental agreement pursuant to Real Property Law § 232-c was created after June 30, 2009 (*see Matter of Jaroslow v Lehigh Val. R.R. Co.*, 23 NY2d 991, 993 [1969]).

Petitioner's contention that paragraph 63 of the lease created a rental agreement between the parties is without merit. Paragraph 63 sets forth the agreement between the parties as to how use and occupancy would be calculated in the event the respondent failed to vacate the premises following the expiration of the lease. Use and occupancy, however, is not the same thing as rent.

> "When the parties do not hold a lease, or when a valid lease has terminated and the tenant adversely occupies the premises, the tenant must remit payment for the 'use and occupancy' of the space based on the premises' fair-market value. Such payment is not 'rent,' but a means to prevent unjust enrichment to the occupant for its holding over." (*Lake Park 135 Crossways Park Dr., LLC v Wheatley Capital Inc.*, 28 Misc 3d 1215[A], 2010 NY Slip Op 51328[U], *2 [2010], quoting Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 10:109 [West's NY Prac Series, vol F, 2009].)

Further, if respondent did not renew the lease, as petitioner contends, and failed to vacate the premises after June 30, 2009, paragraph 63 cannot be interpreted as an agreement in which possessory rights to the premises were bestowed upon the respondent. To the contrary, paragraph 63 clearly states that "[i]n

no event, however, shall this Article be construed as permitting Tenant to holdover in possession of the demised premises after the expiration or termination of the term of the lease." For a rental agreement to fall within the ambit of RPAPL 711 (2), it must bestow upon a tenant the right to occupy the premises as the quid pro quo for the tenant's payment of rent to the landlord (*see Solow Mgt. Corp. v Bachko*, 66 Misc 2d 233, 235 [App Term, 1st Dept 1970]; *Gasoff Realty Corp. v Berger*, 188 Misc 622, 624 [App Term, 1st Dept 1947]).

Clearly, the papers before the court make it clear that petitioner is not alleging that the respondent is holding the premises pursuant to an existing rental agreement that falls within the ambit of RPAPL 711 (2). Accordingly, the nonpayment proceeding is fatally defective and must be dismissed (*see Krantz & Phillips, LLP v Sedaghati*, 2003 NY Slip Op 50032[U], *1 [App Term, 1st Dept 2003]; *Eshaghian v Adames*, 28 Misc 3d 1215[A], 2010 NY Slip Op 51363[U] [Civ Ct, NY County 2010]). Petitioner's remedy is limited to removal of the tenant and damages for use and occupancy (*see Jaroslow, supra*; *Krantz & Phillips, LLP, supra*).

For the foregoing reasons, it is hereby ordered that respondent's motion is granted and the within proceeding is dismissed.