■ CHRISTIAN URBANO, Appellant, v ROCKEFELLER CENTER NORTH, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [937 NYS2d 194]—

Plaintiff, an employee of third-party defendant Rite-Way Internal Removal, Inc., a subcontractor hired by defendant Americon, the general contractor, to perform work at a building owned by defendant Rockefeller Center, was struck in the shoulder by a piece of masonry that broke apart while he was placing it in a disposal container. Plaintiff's claim pursuant to Labor Law § 241 (6) was properly dismissed. The Industrial Code provisions cited by plaintiff in support of this cause of action are inapplicable to the alleged facts (*see Romeo v Property Owner [USA] LLC*, 61 AD3d 491 [2009]). Industrial Code (12 NYCRR) § 23-1.7 (d) and (e) concern hazzards which could cause workers to fall by slipping or tripping, or which could cut them. Although plaintiff testified that there was debris in the area where he was working, he did not slip or trip on this debris, nor did it cut him (*see id.*; *McParland v Travelers Ins. Co.*, 302 AD2d 328 [2003]).

12 NYCRR 23-3.3 is also inapplicable. The pieces of masonry laying on the floor were not "loosened material" within the meaning of that section. Nor did plaintiff's accident result from the collapse of deteriorated walls or floors.

Plaintiff's Labor Law § 200 claim was also properly dismissed. The record contains no evidence that defendants exercised requisite supervisory control, or that there was a dangerous condition of which defendants were on notice (*see Bowman v Beach Concerts, Inc.*, 66 AD3d 596 [2009]; *Mitchell v New York Univ.*, 12 AD3d 200, 201 [2004]).

The affidavit of plaintiff's expert does not support plaintiff's theory since it is based on speculation rather than record facts (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.