Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 19, 2011, which granted plaintiffs’ motion to set aside the jury verdict awarding plaintiffs $50,000 and $10,000, respectively, for past and future pain and suffering and finding plaintiff 70% liable, to the extent of directing a new trial unless the parties stipulated to increase the awards for past and future pain and suffering, respectively, to $75,000 and $150,000, and to assess plaintiffs liability at 15%, unanimously modified, on the law, to set aside the apportionment of fault to plaintiff, and to direct a new trial solely as to damages for past and future pain and suffering unless defendants stipulate to the trial court’s reduced award, and to the entry of judgment in accordance therewith, and otherwise affirmed, without costs.
In cases involving a claim pursuant to Labor Law § 241 (6), contributory and comparative negligence are viable defenses (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]). However, contrary to appellants’ contention, no evidence of culpable conduct on the part of plaintiff was shown here. The jury found that the power saw provided by appellants had no guard, in violation of Industrial Code (12 NYCRR) § 23-1.12 (c), and that no other adequate devices were available to plaintiff (see Tounkara v Fernicola, 80 AD3d 470, 471 [2011]; Bajor v 75 E. End Owners Inc., 89 AD3d 458 [2011]). There is no evidence that plaintiff misused the saw, which he had been directed to use (compare Leon v Peppe Realty Corp., 190 AD2d 400 [1993]). Thus, upon a search of the record, judgment in favor of plaintiff on the issue of liability is granted (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106 [1984]; Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see also Curley v Consolidated *484 Rail Corp., 178 AD2d 318 [1991], affd 81 NY2d 746 [1992], cert denied 508 US 940 [1993]).
The trial court properly found that the jury’s award of $50,000 for past pain and suffering and $10,000 for future pain and suffering over a period of 27 years deviates materially, to the extent indicated, from what is reasonable compensation for plaintiffs amputation of the distal portion of his ring finger (see CPLR 5501 [c]; Ramos v City of New York, 68 AD3d 632 [2009]; Biejanov v Guttman, 34 AD3d 710 [2006]; Bradshaw v 845 U.N. Ltd. Partnership, 2 AD3d 191 [2003]; Fields v City Univ. of N.Y., 216 AD2d 87 [1995]). However, we modify to substitute “unless defendants stipulate” for “unless the parties stipulate” because the only parties required to stipulate to the reduced awards were defendants, as the nonmovants (see Konfidan v FF Taxi, Inc., 95 AD3d 471 [2012]; O’Connor v Papertsian, 309 NY 465, 471 [1956]). Concur — Tom, J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ. [Prior Case History: 2011 NY Slip Op 32712(U).]