Colon v Metropolitan Transp. Auth. (2018 NY Slip Op 01436)





Colon v Metropolitan Transp. Auth.


2018 NY Slip Op 01436


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kahn, JJ.


5901 300150/09

[*1]Luis Colon, et al., Plaintiffs-Appellants,
v
Metropolitan Transportation Authority, et al., Defendants-Respondents.


Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for appellants.
London Fisher LLP, New York (Deborah J. Denenberg of counsel), for respondents.



Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 7, 2016, which, to the extent appealed from as limited by the briefs, granted defendants summary judgment dismissing plaintiffs' Labor Law § 241(6) claim, and denied plaintiffs summary judgment on the question of defendants' Labor Law § 240(1) liability, unanimously affirmed, without costs.
Plaintiff Luis Colon was injured when he fell from a makeshift platform while torquing bolts on the Henry Hudson Bridge restoration project. At the time of his fall, plaintiff was wearing a vest and lanyard; however, he did not attach himself to the available lifeline. There are questions of fact on this record concerning whether it was feasible or even practical for Colon to have attached himself to the lifeline or whether another safety device was required and whether it was provided (see e.g. Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]).
Plaintiffs' claims predicated on Labor Law § 241(6) were correctly dismissed. On their cross motion for summary judgment and in opposition to defendants' motion for summary judgment, plaintiffs only argued that defendants violated Industrial Code (12 NYCRR) § 23-1.7(e)(2). Plaintiff Colon's own testimony, however, demonstrates that a violation of this Industrial Code section was not a factor in his accident (Urbano v Rockefeller Ctr. N., Inc., 91 AD3d 549, 550 [1st Dept 2012]). Plaintiffs failed to preserve their arguments concerning section 23-1.16 of the Industrial Code.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK