Bistro Shop LLC v N.Y. Park N. Salem, Inc. (2019 NY Slip Op 06696)





Bistro Shop LLC v N.Y. Park N. Salem, Inc.


2019 NY Slip Op 06696


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9900 110907/09

[*1]Bistro Shop LLC, Plaintiff-Respondent, Penny Bradley, Plaintiff,
v
N.Y. Park N. Salem, Inc., Defendant-Appellant.


Carmel, Milazzo & DiChiara LLP, New York (Christopher P. Milazzo of counsel), for appellant.
Neufeld O'Leary & Giusto, New York (David S.J. Neufeld of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered March 20, 2018, after a nonjury trial which, to the extent appealed from as limited by the briefs, awarded plaintiff Bistro Shop LLC damages on its rescission claim of construction and preparatory expenses incurred in anticipated occupation of the premises, and prejudgment interest at 9% per annum from March 31, 2008, unanimously affirmed, with costs.
Supreme Court properly found that defendant N.Y. Park N. Salem, Inc., the owner of a building located at 30 East 60th Street, New York, New York, breached a lease by failing to timely complete construction work contemplated by the lease and turn over the premises to plaintiff Bistro Shop LLC. The lease contemplated that defendant was going to add numerous floors to the building, and required occupation of the leased premises for a relatively short duration to complete construction related to the building's foundation. Plaintiff was authorized under the lease to conduct demolition and preparatory construction work on the premises while defendant simultaneously occupied the premises.
In December 2007, plaintiff notified defendant that it had completed its demolition and preparatory construction work and sought permission to continue preparing the space as a restaurant. In a January 24, 2008 email, plaintiff's counsel memorialized a verbal agreement between the parties whereby plaintiff would continue to renovate the space while defendant waited for third-party approvals necessary to complete its work in the premises. In a responding email, defendant acknowledged that plaintiff counsel's email was accurate. Supreme Court properly found that this exchange constituted a written modification of the lease, permitting plaintiff to conduct additional renovations on the restaurant (see Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476, 477 [1st Dept 2011]; Williamson v Delsener, 59 AD3d 291, 291-292 [1st Dept 2009]). In March 2008, plaintiff stopped renovating the premises because defendant was not in compliance with the lease. Ultimately, defendant offered the leased premises to plaintiff in 2016.
Accordingly, Supreme Court properly granted rescission damages for all of the work completed in the leased premises which was rendered useless due to defendant's breach of the lease, which was "so substantial and fundamental as to strongly tend to defeat the object of the parties" in making the lease (see Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 [1910]; Bisk v Cooper Sq. Realty, Inc., 115 AD3d 419, 419 [1st Dept 2014]).
Supreme Court also providently exercised its discretion in awarding plaintiff prejudgment interest at a rate of 9% from March 31, 2008. CPLR 5001(a) provides, in relevant part, that "in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." CPLR 5001(b) requires that "interest be computed from the [*2]earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." The evidence clearly shows that in March 2008, the tenant stopped making monetary investments into the property as the owner did not appear to be complying with the lease. As such, tenant was deprived of the time value of the money spent in furtherance of construction of its restaurant from March 31, 2008 onward (see Mosesson v 288/98 W. End Tenants Corp., 294 AD2d 283, 284 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK