Trinity Ctr. LLC v Subway Real Estate Corp. (2025 NY Slip Op 05178)

Trinity Ctr. LLC v Subway Real Estate Corp.

2025 NY Slip Op 05178

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 654220/21|Appeal No. 4761|Case No. 2024-06055|

[*1]Trinity Centre LLC, Plaintiff-Appellant,
v
Subway Real Estate Corp., Defendant-Respondent, Subcon Inc., Defendant.

Becker New York, P.C., New York (Mitchel H. Ochs of counsel), for appellant.
Wiggin & Dana LLP, New York (David R. Roth of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered September 24, 2024, which granted plaintiff Trinity Centre LLC's motion for summary judgment as to liability and granted defendant Subway Real Estate Corp., doing business as Subway Realty, LLC's (SRL) cross-motion for summary judgment limiting the amount of plaintiff's recovery to $40,000 and the value of the security deposit, unanimously modified, on the law, to grant Trinity use and occupancy charges for the period from termination of the lease on June 18, 2021 to September 8, 2021, the date SRL's subtenant vacated the premises as well as statutory interest on the use and occupancy charges, and otherwise affirmed, without costs.
Supreme Court properly determined that the plain language of Article 13, Rider II of the lease — the contractual provision limiting the amount of damages Trinity may recover — applies to "any" default of the "aggregate Recurring Rent Obligations due and payable for the remainder of the Term" (see Kimmel v State of New York, 29 NY3d 386, 393 [2017]). Article 13 also applied to the unpaid rent obligation due when SRL and its subtenant defaulted — an obligation that accrued before SRL's subtenant vacated the premises — as well as any rental obligation "payable for the remainder of the Term" (see Black's Law Dictionary [12th ed. 2024]).
While the limiting provision of article 13 applied to pre- and post-vacatur rent obligations, Trinity's claim for "per diem use and occupancy charges . . . equal to two (2) times the per diem rate of Base Rent and additional rent payable hereunder for the last year of the term" under article 51 of the lease was not rent, but rather is a postlease "means to prevent unjust enrichment to the occupant for its holding over" (Saba Realty Partners LLC v International Gold Star Inc., 29 Misc 3d 850, 853 [Civ Ct, Kings County 2010] quoting Lake Park 135 Crossways Park Dr., LLC v Wheatley Capital Inc., 28 Misc 3d 1215 [A], 2010 NY Slip Op 51328 [U], *2 [2010]). Thus, Trinity should have been awarded use and occupancy for the period after the lease terminated, when SRL's subtenant was a holdover (see Carlyle, LLC v Quik Park Beekman II, LLC, 59 Misc 3d 35, 37 [App Term, 1st Dept 2018]; Saba Realty Partners, 29 Misc 3d at 854).
Because both parties prevailed, neither was entitled to recover attorneys' fees under the lease as the prevailing party (see Mosesson v 288/98 W. End Tenants Corp., 294 AD2d 283, 284 [1st Dept 2002]). Further, Trinity was not entitled to prejudgment interest (see J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 118 [2012]).
However, Trinity is entitled to statutory interest on its use and occupancy charges (CPLR 5001[a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025